THE MARYLAND CASUALTY CO. v. THE CITIZENS
NATIONAL BANK OF CALDWELL.

*Suretyship—Bond of contractor for highway construction—
Judgment of materialmen against contractor and surety
paid by latter—Surety not entitled to lien against funds
due contractor—Surety succeeds to same rights as mate-
rialman.*

1. A surety company which becomes guarantor on the bond of
   a contractor for the performance of the conditions of his
   contract for the construction of a public highway, and as
   such guarantor pays a judgment obtained against it and
   the contractor by one who furnished material used by the
   contractor in the construction of such highway, is not
   thereby and for such reason entitled to a lien against any
   part of the amount due the contractor for the construc-
   tion of such highway.
2. A surety company which pays a judgment obtained against
   it and its principal on a contract for which such surety
   company is guarantor, by a materialman for material used
   in the construction of a public highway, succeeds to the
   rights of such material man, but acquires no other or
   further rights by reason of such payment.

(Decided December 14, 1923.)

ERROR: Court of Appeals for Noble county.

*Messrs. Williams, Sinks & Williams,* for plaintiff
in error.
*Messrs. Frazier & Neuhart* and *Mr. Fred L.
Rosemond,* for defendant in error.

FARR, J. The action below was by the Casualty
Company to recover from the National Bank the
sum of $1,874, together with interest thereon, from
the 14th day of March, 1919. The issues being

joined upon the amended petition and the answer
the cause came on to be heard upon an agreed
statement of facts and resulted in a judgment for
the defendant below, from which error is prose·
cuted here upon the single ground that the court
erred in applying the law to the pleadings and
the facts, or, in other words, that the judgment
is contrary to law.

The agreed statement of facts reads as follows:

1. The Knox County order given by Green &
Gettman to the Cashier of the defendant bank
was for the final estimate on the road improve-
ment contract of said Green & Gettman.

2. The plaintiff was surety on the bond of
Green & Gettman for the performance of said
contract.

3. That the material furnished by Coe & Buck-
master, which was the basis of their suit against
the Maryland Casualty Company, was used in
the construction of such road improvement.

And the further facts important to a proper
understanding of this issue are:

On or about the 5th day of December, 1917,
Green & Gettman, contractors, completed a section
of a state highway in Knox county, this state,
and there was then due them on the final estimate
for the completion of the work the sum of $4,933.81.
At that time Green & Gettman were indebted to
the defendant bank in the sum of $3,737.34, as
evidenced by six promissory notes and an over-
draft of $105.97, as set out in the answer, which
notes were due at that time. On the above date
the cashier of the bank went to Knox county for
the purpose of collecting the sum due from the

contractors, who, thereupon, delivered to the cashier a warrant upon the treasurer of Knox county in said sum of $4,933.81, which had been issued to the above-named contractors in payment of such final estimate. Upon the receipt of same the bank discharged the indebtedness of the contractors to it in the above-named sum, and on the 7th day of December placed the balance, $1,196.47, to the credit of the firm. On the 6th of December, 1917, Green & Gettman issued a check upon the bank to Coe & Buckmaster in the sum of $1,874. This check was presented to the bank on December 12, 1917, and payment was refused for the reason, so it is said, that there were not sufficient funds to the credit of Green & Gettman to pay same. The check was given to Coe & Buckmaster in payment for materials used in the construction of the highway. Coe & Buckmaster sued Green & Gettman and the Casualty Company in the Court of Common Pleas of Knox county for the amount of the check and recovered judgment, which was paid in full by the Casualty Company, such company being the surety on the bond of Green & Gettman for the performance of their contract in the construction of the highway.

Thereafter, on the 7th day of August, 1920, the Casualty Company brought an action in the Court of Common Pleas of this county against the defendant in error bank for the purpose of recovering the amount paid by the company to Coe & Buckmaster in satisfaction of the judgment in Knox county.

It is urged here that the Casualty Company was not only subrogated to the rights of Coe & Buck-

master, but by virtue of the provisions of the bond upon which it became surety for Green & Gettman was entitled to an equitable lien against any monies due Green & Gettman for the construction of the road.

When Coe & Buckmaster furnished material for the construction of the highway in question, if not paid the amount due them, they would have been entitled to perfect a material man's lien against the same under favor of Sections 8376 to 8379, General Code, or probably under Section 8324 *et seq.*, General Code, and to enforce the same upon the failure of Green & Gettman to pay for such materials; but if it be contended that no statutory lien could attach by reason of it being a "public contract," then how much less would it be possible to effectuate a lien without statutory authority. However, apart from the common-law liens of artisans and vendors, dependent upon possession, liens must rest in Ohio on clear statutory grounds, as they are creatures of statute, and this principle is sustained in the very well-considered case, *In re Estate of Clark,* 195 Pa., 520, 48 L. R. A., 587, decided by the Supreme Court of Pennsylvania. Practically to the same effect is the holding in Ohio, *Seebaum* v. *Handy,* 46 Ohio St., 560, 567, and in *In re Citizens Bank,* 2 W. L. M., 121, 2 Dec. Rep., 230.

Therefore, being simply and only material men, it is clear that if Coe & Buckmaster desired to perfect a lien to protect their claim, it would be necessary to conform to the statutory requirements, and it is conceded that they did not do so. Evidently the Knox county judgment is the basis of this action, and, if so, the Casualty Company has

no rights superior to those of Coe & Buckmaster; plaintiff and Coe & Buckmaster could not contract between themselves so that plaintiff could recover from any creditor money paid upon a valid debt. It is further claimed that the bank had no notice that the contractors were indebted for any materials used in the road, and under the circumstances there was no limitation on payments by the county because the money paid was the final estimate. No legal, but an equitable, lien upon the fund is claimed, therefore the Knox county authorities would have a right to make such payment to the contractors.

However, as above stated, it is insisted that in any event the Casualty Company was entitled to an equitable lien in the instant case because of its relation of surety to Green & Gettman, and as sustaining this view the case of *Columbia Digger Co.* v. *Sparks*, 227 Fed., 780, is cited. A careful examination of this case, however, discloses that quite a different issue was involved, which was determined upon the matter of the application of payments where the Digger Company received more money than the amount of a secured claim, applied it on an unsecured claim, and then brought suit against the surety for the amount of the secured claim. It was very properly held that it could not recover under such circumstances; that though the Digger Company might under certain circumstances elect as to the application of payments, it could not do so to the prejudice of a surety as to a fund arising from a contract upon which the surety was bound; that to do so would be wholly inequitable.

Such, however, is not the instant case, and while

in the brief of plaintiff in error numerous cases are cited, upon examination of the same they are found not to be upon the point in the case at bar, in that they are based upon different facts. In the instant case the Casualty Company was the ordinary paid surety, which for a specified sum guaranteed the performance of the conditions of the contract, and therefore it would not be entitled to any lien against the fund in the instant case by the mere fact of its suretyship, or because it paid the amount due Coe & Buckmaster for materials furnished. The company would, however, be subrogated to the rights of Coe & Buckmaster against Green & Gettman for the amount due for the material furnished by Coe & Buckmaster and used in the construction of the highway. There being no equitable lien upon the fund in favor of the Casualty Company, when the warrant for the final estimate was delivered to the cashier of the bank it received same with the right to apply it upon the amount of money then due from the contractors, and with the further privilege of crediting the balance of the amount to the credit of the firm of Green & Gettman. And so it is held in *Bank* v. *Brewing Co.,* 50 Ohio St., 151, 152, which is well upon the point in the instant case. We quote the syllabus:

"1.  Money received by a bank on general deposit becomes the property of the bank, and its relation to the depositor is that of debtor, and not of bailee or trustee of the money.

"2.  The check of such depositor for part of the sum due him, is not an assignment *pro tanto,* without acceptance by the bank.

"3.  Where, at the time such check is drawn,

or is presented, the drawer is indebted to the bank on past due paper, it may treat the cross demands existing between them as compensated so far as they equal each other, and credit the demands accordingly; and, if there is not then sufficient balance standing to the credit of the drawer, payment of the check may be refused for want of funds."

It becomes readily apparent that the rights of the Casualty Company cannot rise any higher than the rights of Coe & Buckmaster, whose claim it satisfied, and therefore subrogation will not aid the claim of plaintiff in error.

It has been well said that the doctrine of subrogation rests generally upon the principle that one who for the purpose of protecting his own interests pays the debt or liability of another is entitled to and may enforce all the liens and securities of the party to whom he pays: 1 Brandt on Suretyship (3 ed.), Section 260; *Eddy* v. *Leath, Admr.*, 16 O. C. D., 645, affirmed 74 Ohio St., 462.

He who asks subrogation must work out his equities through those of the party to whose equities he seeks to be subrogated, and can have no equity if such party has no equity. 37 Cyc., 430; 38 L. R. A., 152, 154.

A surety paying the debt of his principal can acquire no greater rights than the creditor had at the time of payment; can acquire no priority of lien which the creditor did not have. 37 Cyc., 429, 430; *Jackson Co.* v. *Boylston Mut. Ins. Co.*, 52 Am. Rep., 728; *Hill* v. *King, Exr.*, 48 Ohio St., 75.

Nor does the case of *Crane Co.* v. *Pacific Heat & Power Co.*, 36 Wash., 95, 78 Pac., 460, upon au-

thority of which *Digger Co.* v. *Sparks, supra,* was decided, determine the issue in favor of plaintiff in error, because there again it was a question of the application of payments. The vital issue determined in both of the above cases is that where a creditor has two claims, one secured and one unsecured, he has no right to apply money received to the unsecured claim and then collect the amount of the secured claim from the surety. It is not believed that a surety may be clothed with such rights as are claimed by plaintiff in error in the instant case, because if an equitable lien could be enforced against the bank in the instant case, then one could likewise be enforced against any other creditor to whom money was paid upon any valid debt which was an outgrowth of the contract. Scarcely could such principle be sustained or justified; because it would endanger every scheme of road improvement, and would, indeed, be an "upsetting theory."

The conclusion must be, therefore, that since the Casualty Company has no equitable lien under the circumstances of the instant case it has no right of action against the defendant bank. In view of the foregoing it follows that the judgment is not contrary to law, and it is therefore affirmed.

*Judgment affirmed.*

POLLOCK and ROBERTS, JJ., concur in the judgment.