Allen, J.
 

 Section 8329, General Code, provides that when the sworn itemized statement required under Sections 8324
 
 et seq.,
 
 General Code, has been furnished to the principal contractor, if such principal contractor fails within five days after such receipt by him to notify in writing the owner, board or officer of his intention to dispute such claim, he shall be considered as assenting to its correctness. We have, therefore, under these pleadings, the truth of which is admitted for the purpose of ruling on this demurrer, a claim the correctness of which is not disputed by the principal contractor nor by the director of highways. In other words, in this proceeding, if the petition states a cause of action, the state is a stakeholder merely, and the proceeding to enforce the lien is not, strictly speaking, a suit against the state.
 

 The single legal question raised by the demurrer to the petition is whether Sections 8324
 
 et seq.,
 
 General Code, apply to contracts for the construction of improvements by the state.
 

 Section 8324, General Code, reads as follows: “Any sub-contractor, material man, laborer or mechanic, who has performed labor or furnished material, fuel, or machinery, who is performing labor or furnishing material, fuel or machinery, or is about to perform labor, or furnish material, fuel, or machinery, for the construction, alteration, removal, or repair of any property, appurtenance or structure, described in sections eighty-three hundred and eight and eighty-three
 
 *245
 
 hundred and sixteen, or for the construction, improvement or repair of any turnpike, road improvement, sewer, street or other public improvement, or public building provided for in a contract between the owner, or any board, officer or public authority and a principal contractor, and under a contract between such sub-contractor, material man, laborer or mechanic and a principal contractor or sub-contractor, at the time of beginning to perform such labor or the delivery of the fuel or machinery, or at any time, not to exceed four months from the performance of the labor or tl j delivery of the machinery, fuel or material, maj file with the owner, board or officer, or the authorized clerk or agent thereof, a sworn and itemized statement of the amount and value of such labor performed, and to be performed, material, fuel or machinery furnished, containing a description of any promissory note or notes that have been given by the principal contractor or sub-contractor on account of the labor, machinery or material, or any part thereof, with all credits and setoffs thereon, and proof that the sworn and itemized statement above provided for was mailed by registered letter to the address of the owner, board or officer, shall be taken as prima facie evidence of the filing thereof with the owner, board or officer, as herein provided.”
 

 Section 8325, General Code, reads as follows: “Upon receiving the notice required by the next preceding section, such owner, board or officer or public authority or authorized clerk, agent or attorney thereof, shall detain in his hands all subsequent payments from the principal or subcontractor to secure such claims and the claims and estimates of other subcontractors, material men, laborers, mechanics, or persons furnishing materials to or performing labor for any contractor or subcontractor who intervenes before the next subsequent payment under the contract, or within ten days thereafter.”
 

 
 *246
 
 It is, in short, the contention of the state that the state as a sovereignty is not bound by the terms of a general statute unless such statute expressly applies to the state. This is a well-established doctrine, laid down in
 
 State, ex rel. Parrott,
 
 v.
 
 Board of Public Works,
 
 36 Ohio St., 409;
 
 State, ex rel. Ogelvee, Aud.,
 
 v.
 
 Cappeller,
 
 39 Ohio St., 207; and
 
 State, ex rel. Janes,
 
 v.
 
 Brown, Secretary of State,
 
 112 Ohio St., 590, 148 N. E., 95.
 

 The fourth paragraph of the syllabus in
 
 State, ex rel. Parrott,
 
 v.
 
 Board of Public Works, supra,
 
 reads as follows: “In the absence of a statute requiring it, or a promise to pay it, interest cannot be adjudged against the state for delay in the payment of money.”
 

 The first paragraph of the syllabus in
 
 State, ex rel. Ogelvee, Aud., v. Cappeller, supra,
 
 reads as follows: “The state is not liable for any part of the fees or expenses of the county treasurer or county auditor, or their assistants, except where such liability is created by statute * *
 

 . It will be observed that in these cases it was attempted to enforce a direct liability against the state.
 

 The Attorney Greneral urges that the above-quoted statute, which is totally dissimilar from those construed in the cases cited, does not apply to funds of the state concededly due to contractors for the construction of public buildings, works, or improvements. Without deviating from the holdings above, we differ from the conclusion of the director of highways. Section 8324, Greneral Code, expressly designates “any turnpike, road improvement, sewer, street or other public improvement, or public building.” This surely includes road improvements, sewers, streets, or public buildings, erected by the state. The section then goes on to speak of a contract entered into by “any board, officer or public authority.” No distinction is made in the statute between county, municipal, or state officers, and this court cannot read such a distinction
 
 *247
 
 into words so all-inclusive. The terms certainly include state officials and state improvements. Hence the court overrules the demurrer to the petition.
 

 Demurrer overruled.
 

 Weygandt, C. J., Day, Stephenson, Jones and Matthias, JJ., concur.
 

 Kinkade, J., not participating.