**In re GILMORE.**

No. 9881.

District Court, S. D. Ohio, E. D.
April 27, 1933.

Joseph F. Hogan, of Columbus, Ohio, and Charles H. Jones, of Jackson, Ohio, for Milton Banking Co.

E. E. Eubanks, of Jackson, Ohio, for bankrupt.

Charles Druggan, of Columbus, Ohio, for Superior Cement Corporation.

UNDERWOOD, District Judge.

This case comes before the Court by way of a Certificate of Review issued by the Referee in Bankruptcy of the Nelsonville District, upon petition of the Milton Banking Company, a creditor of the Bankrupt.

The facts involved may be briefly stated as follows: the Bankrupt was a contractor involved in performing a public construction contract. The Independence Indemnity Company was surety on the contractor's bond, but became insolvent. On April 14, 1932, Gilmore, the bankrupt, borrowed $5,000 from the Milton Banking Company, petitioner herein, for the purpose of paying for labor and materials needed on the job. On October 8, 1932, Gilmore executed a purported assignment to the bank through Ed. T. Evans, by the terms thereof, Gilmore allegedly assigned all amounts that might thereafter be due him upon the contract. Gilmore was adjudged a bankrupt April 27, 1933.

The contest before the Referee was between the Milton Banking Company and the claimants who had supplied labor and material. Each interest claiming prior right to the major part of the fund resulting as proceeds from the contract. The bank claiming by virtue of the purported assignment; and the laborers and materialmen asserting that they were entitled to an equitable lien superior to the claimed right of the bank. It is admitted that neither the laborers nor the materialmen filed a lien under § 8324, Ohio G.C. The Referee decided in favor of the materialmen and laborers, holding that they did have an equitable lien superior to the right of the Bank under the purported assignment. Whereupon the Bank sought this review.

The question certified by the Referee is as follows: "Is the Milton Banking Company entitled to this fund by virtue of an alleged assignment against laborers and materialmen who performed labor and furnished materials on the construction job which created this fund?"

This question, the Court finds, should be restated in the following form: "Do the laborers and materialmen in the instant case, who have filed no claims with the Director of Highways as provided by § 8324, Ohio G.C., have a legal or equitable lien against the fund in question?"

It has been consistently held that no such lien did or could exist at common law; first, because there could be no possession, and secondly, because the property involved constituted either public property or public funds. Therefore, if such lien does in fact exist, it must exist by virtue of state law.

Many decisions have been cited in the briefs of the contesting parties, and in some of them, State and Federal Courts have held that equitable liens may attach without specific statutory authority. However, as pointed out in the case, In re Van Wagner Construction Company, 83 F.2d 27, decided by the Circuit Court of Appeals, Sixth Circuit, April 13, 1936, these cases so holding rest upon certain well defined grounds. Particularly, the existence of circumstances where Federal Government contracts or State contracts are involved, when there is no statute providing a procedure by which a lien might be fixed on the unpaid contract price in the possession

of the State or Federal Government. Among cases so based may be cited, Belknap Hardware & Mfg. Co. v. Ohio River Contract Co., 6 Cir., 271 F. 144, cited by the Referee in the instant case as supporting his decision. The ruling in the Belknap case was based upon Henningsen v. United States Fidelity & Guaranty Co., 208 U.S. 404, 28 S.Ct. 389, 52 L.Ed. 547 (also cited by the Referee), but in each of the two cases, the Court took notice of the policy of the Government expressed in the statute, in the absence of a statute giving a remedy by way of a statutory lien.

Similarly, the courts have enforced equitable liens in other cases, where there was a declared policy stated by statute or otherwise, but in general, only in the absence of a provision for a statutory lien. That restriction of policy was declared by the Circuit Court of Appeals for the Sixth Circuit in the Van Wagner Construction Co. case, supra. In the same case, the Court declared as to the law of Ohio [83 F.2d 28]: "So far as we are advised, no purpose has been manifested by the state of Ohio to give a claim of materialmen preference as against such funds. The policy is limited to the right to obtain a lien in a prescribed manner on the unpaid contract price."

As further support for this theory upon which liens must rest in the State of Ohio, the case of Maryland Casualty Co. v. Citizens Bank of Caldwell, 18 Ohio App. 193, may be cited as follows: "but if it be contended that no statutory lien could attach by reason of it being 'public contract,' then how much less would it be possible to effectuate a lien without statutory authority. However, apart from the common-law liens of artisans and vendors, dependent upon possession, liens must rest in Ohio on clear statutory grounds, as they are creatures of statute." The Supreme Court of Ohio refused to review the case.

■ It is well settled that there is a remedy by way of statutory lien in the State of Ohio. In State ex rel. Nixon v. Merrell, 1933, 126 Ohio St. 239, 185 N.E. 56, 58, Judge Allen, speaking for the Supreme Court of Ohio, said: "The single legal question raised by the demurrer to the petition is whether sections 8324 et seq., General Code, apply to contracts, for the construction of improvements by the state." The question was answered by the Court in the affirmative. This interpretation can mean only that laborers and materialmen do have such a lien upon funds such as herein considered, upon compliance with the statute.

From all of the foregoing, it becomes apparent that there is no declaration of public policy in the State of Ohio upon which an equitable lien can be based in this case. In re Van Wagner Construction Co., 6 Cir., 83 F.2d 27. It becomes equally apparent that a common law or equitable lien, in such circumstances, is not recognized by the Courts of Ohio. Maryland Casualty Co. v. Citizens National Bank of Caldwell, 18 Ohio App. 193. It is evident also, that a statutory remedy is provided under such circumstances by the statutes of Ohio. State ex rel. Nixon v. Merrell, 126 Ohio St. 239, 185 N.E. 56.

■ Under the circumstances of this case, as controlled by the law of the State of Ohio, interpreted by the Courts of this State, this Court is compelled to hold that the materialmen and laborers herein, having failed to perfect a statutory lien, have no lien against the fund in question.

■ Both the Referee and Counsel for the claimant laborers and materialmen urge that at the time within which liens should have been perfected, the State Court of Appeals for the district had declared that § 8324, Ohio General Code did not apply to contracts of the nature involved in the instant case. The Attorney General of Ohio had likewise ruled. This interpretation, the Referee declares to have been the law until the case of State ex rel. Nixon v. Merrell, 126 Ohio St. 239, 185 N.E. 56, the Supreme Court of the State of Ohio held that the statute did apply. With this theory this Court is unable to agree. The highest Court of the State of Ohio having declared that such contracts were included, obviously they were included from the effective date of the statute, and it is equally obvious, that this Court is bound by the interpretation given the statute by the Supreme Court of the State.

It is the conclusion of this Court that the decision of the Referee finding the existence of a lien in favor of the materialmen and laborers, must be reversed.

Nothing appears in the record to show whether or not the assignment held by the Milton Banking Company was found by the Referee to be valid or invalid, nor does it appear that this question was raised before the Referee.

This cause is ordered re-referred to Referee Kelso with instructions to determine the validity of the purported lien held by the Milton Banking Company, and to take all further proceedings required by the Bankruptcy Act, as amended, 11 U.S. C.A. § 1 et seq. in said cause.