By the Court.
 

 The Milton Banking Company of Wellston, Ohio, as relator, seeks a writ of mandamus to compel affirmative action on the part of two officials of the state of Ohio, viz., the Highway Director and the State Auditor. Prom the Highway Director is sought a voucher upon which the State Auditor shall
 
 *31
 
 be required to issue a warrant on tbe State Treasurer for the unencumbered sum of $4998, representing tbe balance due one Calvin B. Gilmore for constructing a bridge in Gallia county, Obio, under a contract with tbe state of Obio. Relator in its petition alleges that it is tbe assignee of such claim and that tbe consideration therefor is the amount of $5058.25 advanced to Gilmore toward tbe cost of constructing such bridge. Tbe written assignment which is tbe foundation of relator’s action was made on October 8, 1932, addressed to “Department of Highways,” Columbus, Obio, and naming “Ed. T. Evans of The Milton Banking Company, Wellston, Obio,” as assignee. It was delivered to the State Highway Director on October 10, 1932.
 

 On April 27, 1933, Gilmore filed a petition in bankruptcy listing among bis assets tbe claim of $4998 against tbe state of Obio. Later be was adjudged a bankrupt.
 

 Among tbe pleadings in this case is tbe amended separate answer of E. Paul Evans, Trustee in Bankruptcy of Calvin B. Gilmore, in which be makes claim to such $4998 for tbe benefit of certain creditors of Gilmore who performed work or furnished materials in tbe construction of such bridge, and whose combined demands total tbe sum of $12,548.79. Tbe realization on their claims depends upon participation in tbe amount owed Gilmore by tbe state of Ohio, as it is alleged in tbe answer that tbe surety on tbe bond given by Gilmore to insure performance of tbe bridge contract is insolvent. Tbe trustee’s answer then sets out that Gilmore bad on deposit with tbe relator bank tbe sum of $1242.60, which it has appropriated in reduction of bis indebtedness, and that relator has received in further reduction of tbe indebtedness tbe sum of $605, being tbe proceeds from tbe sale of certain personal property on which it held a chattel mortgage. This answer contains tbe further allegation that
 
 *32
 
 the relator holds as additional security for Gilmore’s indebtedness two real estate mortgages in the total face amount of $5000, executed and delivered to it by Gilmore in August, 1932.
 

 In reply, the relator says that these two real estate mortgages were given solely to secure a separate and distinct obligation of Gilmore.
 

 The answer of the State Highway Director admits the contract with Gilmore, that the sum of $4998 is still due thereon, but that payment is being withheld on account of the controversy surrounding it, and asks the direction of this court in the premises.
 

 Answers have also been filed by the Superior Cement Corporation and the Ben-Tom Supply Company, each of which furnished material going into the bridge constructed by Gilmore. The former alleges that the assignment given by Gilmore, of which relator wishes to take advantage, was intended merely as collateral security for an obligation owing by Gilmore to the relator bank, that the funds now in the hands of the state of Ohio are far in excess of the amount presently due relator from Gilmore, that by reason of the bankruptcy proceedings and the action taken therein the United States District Court has exclusive jurisdiction over the distribution of such fund, and that the rights of all parties thereto should be determined in the bankruptcy proceedings.
 

 The Ben-Tom Supply Company alleges relator’s violation of an agreement between relator and Gilmore’s surety on the bridge contract, assented to by Gilmore, stipulating that the money received by Gilmore under the bridge contract should be deposited in the relator bank under the joint control of the surety and the bank, and be paid out only upon the signature of the surety; that the bank paid out in excess of $1200 without the' surety’s signature, whereby such amount was diverted from the materialmen who. furnished material going into the bridge construction, and that
 
 *33
 
 the claim of the Ben-Tom Supply Company to the fund held by the state of Ohio is therefore superior to that of relator.
 

 This case has been considered upon the pleadings, depositions and the stipulations as to facts contained in the depositions. Conflicting claims are aggressively asserted, and we are of opinion that relator has not established a clear legal right to the extraordinary remedy of mandamus, which he must do to prevail. In this proceeding the state of Ohio is no more than a stakeholder of the fund in controversy.
 
 State, ex rel. Nixon,
 
 v.
 
 Merrell, Dir. of Highways,
 
 126 Ohio St., 239, 185 N. E., 56.
 

 Likewise, we are of the opinion that relator is not entitled to the relief asked, because of the spirited challenge of other persons who are vitally concerned, and who will probably be precluded from participation in the fund if the writ is allowed.
 
 State, ex rel. McKey, Trustee,
 
 v.
 
 Cooper, Aud.,
 
 99 Ohio St., 258, 124 N. E., 192;
 
 State, ex rel. Universal Realty Co.,
 
 v.
 
 Brown, Secy, of State,
 
 113 Ohio St., 698, 150 N. E., 755;
 
 State, ex rel. Nixon,
 
 v.
 
 Merrell, Dir. of Highways,
 
 127 Ohio St., 72, 186 N. E., 806. The writ will therefore be denied.
 

 Writ denied.
 

 Weygandt, C. J., Stephenson, Williams, Matthias, Day and Zimmerman, JJ., concur.
 

 Jones, J., not participating.