In re VAN WAGNER CONST. CO.

## TRUSCON STEEL CO. v. KENDRICK.
### No. 6930.

Circuit Court of Appeals, Sixth Circuit.
April 13, 1936.

A. C. Ruihley, of Youngstown, Ohio (Fraser, Effler, Shumaker & Winn, of Toledo, Ohio, on the brief), for appellant.

Eugene Rheinfrank, of Toledo, Ohio (Rheinfrank & Lindecker and Carl J. Lindecker, all of Toledo, Ohio, on the brief), for appellee.

Before MOORMAN, SIMONS, and ALLEN, Circuit Judges.

MOORMAN, Circuit Judge.

The Van Wagner Construction Company made a contract with the state of Ohio for the construction of a state highway, and executed bond with surety to secure the payment of claims for material and labor used in the construction. The Truscon Steel Company furnished material for the construction. The Van Wagner Company was adjudged a bankrupt before the completion of the highway, after which the trustee received a considerable sum of money for the estate by renting and selling its working equipment and subletting the contract. The surety on the bond given the state having become insolvent, the steel company filed claim with the trustee for the value of the materials it had furnished, and asserted an equitable lien therefor on the funds of the estate in his hands. Other materialmen also filed claims for liens. The District Court held that none of the claimants had a lien against the funds, and dismissed the claims therefor. The steel company has appealed from the ruling as applied to its claim.

Sections 8324, 8325, and 8326 of the General Code of Ohio give to materialmen and laborers who furnish material or perform labor for the construction of a road improvement a lien on the unpaid balance of the contract price for the improvement to secure their claims, to be perfected in a prescribed form and manner. Under this statute a materialman or laborer, by following the procedure provided, may acquire a lien against funds appropriated by the state for the construction for which the material or labor was furnished. State ex rel. Nixon v. Merrell, 126 Ohio St. 239, 185 N.E. 56. The appellant did not avail itself of the statute and perfect a lien against the funds appropriated for this construction. It insists, however, that it is entitled to an equitable lien on the assets of the estate in the hands of the trustee. The cases on which it relies deal with material or labor furnished either on federal government contracts or on state contracts where there was no state statute providing a procedure by which a lien might be fixed on the unpaid contract price in the possession of the state. Typical of the first class is Belknap Hardware & Mfg. Co. v. Ohio River Contract Co. (C.C.A.6) 271 F. 144. In that case the Ohio Company made a contract with the government for a river improvement, and executed bond to the government as required by the Act of August 13, 1894, as amended February 24, 1905 (40 U.S.C.A. § 270). The company defaulted on the contract and was placed in the hands of a receiver. The Belknap Company had furnished material for the construction. The surety on the bond given by the Ohio Company was insolvent. The court held that the Belknap Company was entitled to priority in the distribution of the retained percentage of the earned contract price as against other creditors. The ruling was based on Henningsen v. United States Fidelity & Guaranty Co., 208 U.S. 404, 28 S.Ct. 389, 52 L.Ed. 547. In each of these cases the court took notice of the policy of the

government, expressed in the statute, supra, to secure to laborers and materialmen compensation for labor and materials furnished on government projects, and, there being no federal statute, similar to the Ohio statute, giving a right of lien to the laborer and materialman on the earned contract price, made effective the policy by adjudging an equitable lien on the retained percentage thereof. Similarly the courts have enforced a state policy of like purpose in dealing with state construction contracts, as in Third National Bank of Miami v. Detroit Fidelity & Surety Co. (C.C.A.) 65 F.(2d) 548, where the state of Florida had promulgated by statute (Comp.General Laws 1927, § 5397) the same policy announced by the federal government in the Acts of 1894 and 1905. See, also, Maryland Casualty Co. v. Dulaney Lumber Co. (C.C.A.) 23 F.(2d) 378, 380. It has been held, too, that a surety on a bond to secure the payment of the claims of materialmen and laborers is entitled by right of subrogation to a lien on the retained percentage of the earned contract price as against other creditors, where it is apparent from the contract that such percentage was not to be paid until the claims of all materialmen and laborers had been satisfied. Central State Bank of Corsicana v. United States Fidelity & Guaranty Co. (C.C.A.) 9 F.(2d) 326; Exchange State Bank v. Federal Surety Co. (C.C.A.) 28 F.(2d) 485; Farmers' Bank v. Hayes (C.C.A.6) 58 F.(2d) 34. In all of these cases it was the policy of the parties, expressed by statute or in the contract, to give laborers and materialmen preferred claims to the funds appropriated to the project, and, there being no statutory provision therefor, the liens were allowed for the purpose of effecting the policy. None of them is applicable to the case at bar, for the appellee is not seeking a lien on funds appropriated to the construction but on the proceeds of the sale of the contractor's property in the hands of the trustee, and, so far as we are advised, no purpose has been manifested by the state of Ohio to give a claim of a materialman preference as against such funds. The policy is limited to the right to obtain a lien in a prescribed manner on the unpaid contract price. The appellant could have availed itself of this policy by pursuing the course open to it under the statute. Having failed to do so, it is not entitled to a lien.

The decree is affirmed.