### SHADE et v FERGUSON

Ohio Common Pleas, Franklin Co

Decided May 10, 1938

Ralph J. Bartlett, Prosecuting Attorney, Columbus, Robert P. Barnhart, Columbus, and William C. Bryon, Columbus, Assistant Prosecuting Attorneys, for plaintiff.

Herbert S. Duffy, Attorney General, Columbus, A. E. O'Neil, First Assistant Attorney General, Columbus, and V. P. Cline, Cleveland, for defendants.

### OPINION

By LEACH, J.

In substance this is an action to enjoin defendants from withholding distribution of the local government fund to Franklin county under §5546-20a GC, pending an accounting of the correct balance of indebtedness owed by Franklin county to the state, and such action as is proper on the

ascertainment of such correct amount.

The petition alleges that the state auditor has prepared a purported itemized statement claiming $760,322.00 due the state from Franklin county; that the statement is incorrect to the extent of $130,466.77 for items that have been fully paid; that it includes charges for clothing for which payment in full has already been made by or on behalf of patients; that the bills against the county for caring for county patients in state institutions is charged, not at cost but at the maximum permitted by law regardless of cost; that there are set-offs due the county in the sum of $190,000.00; that upon proper accounting the amount owed the county by the state may exceed the amount claimed due from Franklin county to the state; that it will require more than 30 days to determine the correctness of the charges and that nevertheless the auditor of state threatens to and will withhold the monthly distribution of Franklin county's share of sales tax funds unless the county pays the auditor of state $760,322.00 or enters into an agreement to pay such amount in installments.

Sec 5546-20a GC provides in substance for the withholding of distribution of the local government fund to any county indebted to the state until such indebtedness has been paid, provided the same shall not be withheld until an itemized statement of the same is furnished to the county auditor at least 30 days before such withholding, and further provided that if the county commissioners enter into an agreement for the payment of such indebtedness to the state, in installments, etc., then the county will be entitled to receive its distribution, etc. Any indebtedness of the state to the county shall be deducted from the amount owing to the state by such county in determining the indebtedness or obligation with respect to which distribution is withheld. * * *

In State ex rel. Prospect Hospital v Ferguson, Auditor, et al, 133 Oh St 325, 10 O.O., 493, the court held:

"(1) Computation by the auditor of state of the amount of money due from one political subdivision to another is not an exercise of judicial power.

(2) Sec 5546-20a GC, does not confer power to adjudicate the validity of debts, but to compute the amount of debts, and, therefore, does not confer judicial power on the auditor of state or director of finance of the state of Ohio. Such section does not violate §5, Article XII nor the due process or equal protection provisions of the Constitution of Ohio, and is not unconstitutional."

In the above case no claim was made that the amount stated to be due the state from the county was incorrect. In the case at bar it is so claimed and is the gist of the action. On this subject the court said at page 333:

"If the auditor of state or other official makes an error the courts are open for correction. There is specific provision in other sections of the Code for such actions. The Common Pleas Court of Franklin County is designated as a tribunal for such purpose."

It is to be noted that the section in question, viz., §5546-20a GC, does not provide for an appeal to any court or for review by any court where it is claimed that the computation of the indebtedness is erroneous or where it is claimed that there has not been a proper amount deducted for any amount of "indebtedness of the state to the county". Nor is there in said statute any provision for hearing by the state auditor of any objections of the county on the amount so found due the state from the county on a balancing of accounts.

In Louisville & Nashville Rd Co v Garrett, 231 U. S., 298, the Supreme Court of the United States held that the prescribing of rates for the future is a legislative and not a judicial act. The Supreme Court of Ohio in the case of State ex rel v Ferguson, supra, has held that the computation authorized by the statute in question is not an exercise of judicial power. In the Garrett case, supra, the Supreme Court of the United States further held that:

"Failure in a state statute establishing a railroad commission and giving it authority to fix reasonable rates to provide for an appeal from orders of the commission does not deny the carrier right of access to the courts to review an order that fixes rates so unreasonably low as to be confiscatory and is not an unconstitutional denial of due process of law under the Fourteenth Amendment."

The court further said:

"But the statutes does not deny to the carrier the right of access to the courts

for the purpose of determining any matter which would be the appropriate subject of judicial inquiry."

**Neither does the statute here involved.** The Supreme Court says further:

"If the commission establishes rates that are so unreasonably low as to be confiscatory. an appropriate mode of obtaining relief is **by bill in equity to restrain** the enforcement of the order. Chicago etc. Ry. Co. v Minn., 134 U. S. 418; St. Louis, et Ry. Co. v Gill, 156 U. S. 649; Ex Parte Young, 209 U. S. 123."

"Presumably, **the courts of the state,** as well as the Federal Courts would be open to the carrier for this purpose. (Nome Telephone Co. v Los Angeles, 211 U. S. 265, 278), **without express statutory provision to that effect."**

In the case of State ex rel v Ferguson, supra, the court stated as heretofore pointed out that:

"If the auditor of state or other official makes an error **the courts are open for a proper correction.** There is specific provision in other sections of the code for such actions. The Common Pleas Court of Franklin is designated as a tribunal for such purpose."

The court does not cite the statute to which reference is made, but even in the absence of specific statute the right would exist as above pointed out by the Supreme Court of the United States. In **Meeker v Scudder, 108 Oh St,** it was held that, under §11271 GC, actions against the "Ohio State Medical Board, and **other public officers** having their official places of business in Franklin county, and in no other county, can be instituted only in Franklin county.

It is claimed that mandamus, rather than injunction, is the proper remedy, but we think this is answered by ▮▮▮▮▮ **Irish v Oviatt, 83 Oh St 460; Juhlman v Conners, 122 Oh St 355; State ex rel. Merrill, 130 Oh St 30, 3 O.O., 77,** and in **State ex rel. Nixon v Merrill, 127 Oh St 76,** the court quoted with approval from Sanderson v Canal Co., 34 Idaho, 145, where it was held that:

"Mandamus is not a proper remedy to decide conflicting interests."

It is claimed finally that plaintiff is not entitled to challenge the constitutionality of §5546-20-A GC. As to this claim the Supreme Court has already upheld the constitutionality of the Act, but has further stated that if the auditor ▮▮▮▮▮▮ ▮ makes an error "**the courts are open for proper correction."** This can only mean that the courts are so open at the instance of the proper county representatives acting in their official capacity and this function is lodged in the county commissioners by §2408 GC.

The demurrer to the petition is overruled, exceptions. .