By The Court.
 

 This proceeding in mandamus was instituted in this court to compel the respondents as Director of Agriculture and Chief of the Division of Feeds and Fertilizers to issue to the relator a license permitting the sale of a product bearing the copyrighted name of “Mineral Colloids,” which relator alleges to be classified and recognized as belonging in the field of fertilizers, the respondents having refused to issue a license, under Sections 1150 to 1154, General Code, for the reason that the certificate which the relator proposed to attach to his product was and is misleading and did not comply with the provisions of those sections.
 

 The cause'was submitted upon the petition, answer, reply and interrogatories, answers to interrogatories and an agreed statement of facts.
 

 Counsel have stipulated as the only question of law involved:
 

 “Is plaintiff’s application for a license to sell ‘Mineral Colloids’ and the certificate proposed to be attached to the product as submitted to the defendants and as further evidenced by the answers of defendants to the interrogatories of the plaintiff attached to the
 
 *541
 
 reply, as well as plaintiff’s exhibits filed herewith, misleading or indistinguishable so that the Director of Agriculture may reject and refuse under provisions of Section 1154 of the General Code to issue said license.”
 

 The writ of mandamus will issue to compel, but not control, the exercise of discretion
 
 (Sutphin
 
 v.
 
 State, ex rel. Jeby,
 
 130 Ohio St., 183, 198 N. E., 483). The agreed statement of facts in this proceeding does not include all ultimate facts, proof of which has been otherwise attempted
 
 (City of Cincinnati
 
 v.
 
 Anchor White Lead Co.,
 
 44 Ohio St., 243, 7 N. E., 11). The relator in mandamus must plead and prove the existence of all necessary facts
 
 (Cincinnati College
 
 v.
 
 LaRue,
 
 22 Ohio St., 469;
 
 Lye, Aud.,
 
 v.
 
 State, ex rel. Davis,
 
 73 Ohio St., 231, 76 N. E., 829) and relator must establish a clear legal right to the extraordinary remedy
 
 (State, ex rel. Milton Banking Co.,
 
 v.
 
 Merrell, Dir. of Highways,
 
 130 Ohio St., 30, 196 N. E., 648).
 

 The evidence produced in this case does not show a clear abuse of discretion on the part of the respondents, and the writ will be denied.
 

 Writ denied.
 

 Weygandt, C. J., Day, Zimmerman, Williams and Myers, JJ., concur.