By the Court.
 

 The relators contend that if the duties of the county commissioners are ministerial such duties have not been performed and if discretionary such discretion has been abused to a point where the duties have not been performed. The relators insist that the board of county commissioners has failed to act under Septions 6691 and 6695, General Code, that there is no appeal provided from a failure of the board
 
 *490
 
 of commissioners to perform its mandatory duty under Section 6695, General Code, and that relators have no adequate remedy in the ordinary course of law.
 

 The respondent contends that its powers are not ministerial, but are discretionary, that mandamus will not lie to control discretion, that there has been no abuse of discretion, and that relators have an adequate remedy by appeal. The respondent pleads also that, if. the latest communication from one of the relators is construed as a demand under Section 6695, General Code, work has been undertaken to repair and clean Muddy Prairie ditch.
 

 The relators by reply brief ask this court to read the testimony, and they insist it will show an utter disregard of statutory duty under Section 6695, General Code.
 

 It is not necessary to recite in detail all the instances when either Muddy Prairie ditch or Clear creek was cleaned or dredged as a result of action taken by the board.
 

 It appears from the testimony in the depositions that .the board of county commissioners denied a petition filed under Sections 6691 and 6695, General Code, to clean and repair Muddy Prairie ditch from its upper terminus to its outlet in Clear creek; However, the board authorized the county engineer to act as ditch supervisor (Section 6691, General Code), he apportioned the work among landowners, they protested a reapportionment and the board later tabled the reapportionment.
 

 It appears further that 17 landowners filed a petition to straighten, deepen and widen a portion of Clear creek below the mouth of Muddy Prairie ditch. The board of commissioners at a hearing considered the protests of 19 landowners or tenants and rejected the proposed improvement on the ground that the signers of the petition would be individually benefited
 
 *491
 
 and not the general welfare, citing Section 6443, General Code. It is not shown an appeal was taken from that final order.
 

 A writ of mandamus will not lie to serve the purpose of an appeal. Section 12287, General Code; 25 Ohio Jurisprudence, 1013, Section 34;
 
 State, ex rel. Horvitz Co.,
 
 v.
 
 Sours, Dir.,
 
 142 Ohio St., 591, 53 N. E. (2d), 498.
 

 The deposition contains a communication, dated in November 1946, from one of the relators to the board of county commissioners in which he stated he expects the board to do its duty, imposed by Section 6695, General Code, and all other pertinent sections, to clean and repair Muddy Prairie ditch and its outlet (Clear creek). There is testimony that the ditch was being cleaned and dredged at the time of the taking of a deposition in November 1947.
 

 The writ of mandamus will issue to compel, but not to control, the exercise of discretion. 25 Ohio Jurisprudence, 1003, Section 28;
 
 Sutphin
 
 v.
 
 State, ex rel. Jeby,
 
 130 Ohio St., 183, 198 N. E., 483;
 
 State, ex rel. Baker,
 
 v.
 
 Hanefeld, Dir.,
 
 134 Ohio St., 540, 18 N. E. (2d), 404.
 

 A writ of mandamus is denied.
 

 Writ denied.
 

 Weygandt, C. J., Turner, Matthias, Hart, Zimmerman, Sohngen and Stewart, JJ., concur.