**Poenisch v. Kingsley-Dunbar, Inc.**
**Case No. 89AP415**
**Franklin County, (10th)**
**Decided January 16, 1990**
[Cite as 1 AOA 389]

*Kagay, Albert & Diehl, and Mr. Jon R. Philbrick, for plaintiffs-appellees.*

*Feinstein, Crowley, Fusco & Mulligan, and Mr. David Ison, for defendant-appellee Kingsley-Dunbar, Inc.*

*Mr. Anthony J. Celebrezze, Jr., Attorney General, and Mr. Theodore Scott, Jr., for defendant-appellant Department of Administrative Services, Division of Public Works.*

KERNS, J.

Defendant, State of Ohio, Department of Administrative Services, Division of Public Works ("state"), appeals from a judgment of the Franklin County Common Pleas Court awarding plaintiff, Judith Ann Poenisch, Trustee of the Barbara M. Brant Trust, money pursuant to a lien plaintiff filed on public funds. Defendant-state raises the following assignments of error:

"1. Judge West improperly ruled that, pursuant to Chapter 1311 of the Ohio Revised Code, liens attached to the original appropriation for construction contracts regardless of whether any funds are due the principal contractor.

"2. Judge West improperly ruled that, pursuant to Chapter 153 of the Ohio Revised Code, payment under a state construction contract is due the principal contractor before such funds are requested and the request has been approved by the State of Ohio.

"3. Judge West improperly ruled that, the court of common pleas has jurisdiction over money damages against the State of Ohio."

The other defendants named by plaintiffs in this action are:

Kingsley-Dunbar, Inc., a general contractor who entered into a contract with the state for the construction of the Franklin County Reintegration Center; Allied Fidelity Insurance Co., and Century Surety Co., who issued performance bonds for defendant Kingsley-Dunbar.

The construction site abutted property owned by plaintiffs, trustees of the Barbara M. Brant Trust. Plaintiffs' property contained gravel which defendant Kingsley-Dunbar sought for use in its construction project. Defendant Kingsley-Dunbar agreed to pay plaintiffs for the excavation of gravel from their property. When payment was not received by plaintiffs, they filed a lien against public funds held by the state pursuant to R.C. 1311.26.

Not receiving what plaintiffs felt were due them, they filed a complaint against the above-named defendants. After many pleadings, a settlement was reached, and an agreed entry was filed which provides in pertinent part:

"6. Poenisch/Barbee, Trustees have filed a lien against certain funds (hereinafter, the 'Funds') otherwise payable to Kingley-Dunbar by Ohio concerning the construction project which is the subject of the plaintiffs' Complaint. This Poenisch/Barbee, Trustees' lien is a valid lien against the Funds, pursuant to the provisions of the Ohio Revised Code, and, accordingly, *Ohio shall pay to Poenisch/Barbee, Trustees the appropriate amount of such Funds payable under Chapter 1311 of the Ohio Revised Code.* The Kingsley-Dunbar portion of the construction project in question is completed. All subcontractors and materialmen who have furnished materials or performed labor under contract with Kingley-Dunbar for the construction of the Franklin County Reintegration Center have been paid in full. There are no outstanding liens against funds payable to Kingsley-Dunbar except as reflected in the files of the Department of Administrative Services, Division of Public Works. *Kingsley-Dunbar shall prepare and submit to Ohio an appropriate final pay request as expeditiously as possible.*" (Emphasis added.)

Several months after the agreed entry was filed, plaintiffs filed a motion to enforce the settlement agreement with regards to defendant state's obligations. Plaintiffs requested that the state pay interest on funds previously held by the state relying upon R.C. 1311.28 in support of their motion. The trial court sustained plaintiffs' motion, and it is from this judgment which defendant state appeals.

Defendant state's assignments of error will be addressed by examining the third assignment of error first as it raises a threshold

jurisdictional question. Following that determination, defendant state's first and second assignment of errors will be discussed together.

Defendant state contends in its third assignment of error that the court of common pleas did not have jurisdiction to order the defendant state to pay interest. Rather, the defendant state contends that such an action is for money damages against the defendant state and, as such, only the court of claims has jurisdiction.

Pursuant to R.C. 2743.02(A)(1), the defendant state waived its sovereign immunity and consented to be sued in accordance with the provisions of that section which provides in pertinent part:

"The state hereby waives its immunity from liability and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties ***. *To the extent that the state has previously consented to be sued, this chapter has no applicability.*" (Emphasis added.)

Insofar as the issue raised in this case is concerned, the important sentence of that provision is the one emphasized above.

As reasoned by the Ohio Supreme Court in *Racing Guild of Ohio, Local 304* v. *State Racing Comm.* (1986), 28 Ohio St. 3d 317 at 319-320:

"Thus, to the extent that any actions were permitted against state *** agencies in a court of common pleas *prior* to the enactment of R.C. Chapter 2743, those actions may be maintained against the state in court of common pleas *subsequent* to the enactment of R.C. Chapter 2743. R.C. 2743.01(A)(1)." (Emphasis in original.)

The issue before this court then becomes whether this type of action (for payment pursuant to R.C. 1311 *et seq.*) was permitted against the defendant state prior to the enactment of R.C. Chapter 2743. We conclude that it was.

This court recently addressed this issue in *Basic Construction Materials* v. *Seiter* (June 6, 1989), Nos. 88AP-796 and 88AP-812, unreported (1989 Opinions 1899). Relying upon the Ohio Supreme Court's holding in *State, ex rel. Nixon,* v. *Merrell* (1933), 126 Ohio St. 239, we held that prior to the enactment of R.C. Chapter 2743,

mechanics' lien statutes relating to public property applied to the state.

Furthermore, in *Merrell*, the court reasoned at 244 that the state was merely a "stakeholder" in the case. As such, the action to enforce a mechanic's lien is an action against the fund held by the defendant state, not an action against the defendant state itself.

As an action for the enforcement of mechanics' liens against a public fund held by the state as a mere stakeholder existed prior to the enactment of R.C. Chapter 2743, R.C. 2743.02(A)(1) provides that the court of common pleas retains jurisdiction over these types of actions. Therefore, the court of common pleas in this case had jurisdiction to order payment by the defendant state in accordance with R.C. 1311.28 relating to mechanics' of materialmens' liens against public funds. Accordingly, defendants state's third assignment is not well-taken.

Having determined that the trial court properly had jurisdiction to make its determination, we now turn to the propriety of that determination. Defendant state contends in its first and second assignments of error that the trial court incorrectly ruled that the defendant state owed interest upon the funds paid plaintiffs. Defendant state's underlying contention is that while interest in some cases may be properly payable pursuant to R.C. 1311.28 and R.C. 153.63, no interest accrued here. It is the defendant state's position that until the funds upon which the lien attaches become due and payable to the general contractor, the lienholder in not entitled to interest.

R.C. 1311.26 *et seq.*, provides the statutory framework by which subcontractors may obtain liens for work done involving governmental building projects. Unlike liens upon privately owned property, the subcontractor of public works retains a lien upon a public fund rather that the property itself. For a general discussion of such liens, see Distelhorst and Marti, Ohio Mechanics' and Materialmen's Liens (1986), Chapter 10.

R.C. 1311.26 provides that a subcontractor or materialman who furnishes labor material for a public work under a contract with a general contractor may file with the owner of such public work an itemized statement of its labor performed or materials furnished. After receiving such notice, such owner "*** shall detain from the principal contractor all subsequent payments as do not in the aggregate

exceed such claim or claims." R.C. 1311.28.

After detaining the appropriate amount of money from subsequent payments of the contractor, these funds are place into an escrow account until the dispute regarding to whom the funds belong to is resolved. In other words, such an account protects all involved parties until priorities are established and disputes resolved.

R.C. 1311.29 sets forth the priorities as between lienholders and the additional filing requirements. Notice is provided to the principal contractor pursuant to R.C. 1311.31. Finally, R.C. 1311.32 provides the lienholder with remedies to enforce the owner's duty to pay.

Pursuant to this statutory framework, a materialman who is owed money by the general contractor only may retain a lien upon payments that are due the principal contractor. It follows that lien, although properly filed, does not attach to the funds until those funds are due the principal contractor.

This court has reached a similar conclusion in two recent cases, *L.E. Myers Co.* v. *Jordano Electric Co.* (1988),47 Ohio App. 3d 132, and *Basic Construction Materials, supra.*

In *Jordano,* we held that if the principal contractor has been fully paid, thus with no more payments due it, the subcontractor is not entitled to recover on liens filed against the owner. In reaching such a conclusion we relied upon *Lee Turzillo Contracting Co.* v. *Cin. Met. Housing Authority* (1967), 10 Ohio St. 2d 5, which held in paragraph two of the syllabus:

> "Compliance with Section 1311.26, Revised Code, constitutes a 'stop notice' to the owner by virtue of Section 1311.28, Revised Code, to prevent the payment of moneys due to the principal contractor; and a subcontractor, laborer, or materialman thereby secures an assignment pro tanto of the moneys *remaining due from the owner to the principal contractor,* with the right to control and direct its payment to himself. ***" (Emphasis added.)

As the lien may attach only to subsequent payments, and there were no such payments in *Jordano,* the subcontractor had no right to payment by virtue or its lien.

A close reading of the statutes and the purposes underlying them lead us to a similar conclusion here. While R.C. 1311.28 does require the owner to place certain funds into a escrow account, it is only those funds which are *detained* from future or *subsequent* payments. Until such funds are detained, they cannot be placed into an escrow account where interest is earned. It follows that no funds can be detained until they are properly payable to the general contractor. As in *Jordano,* if no funds are owed there is nothing to which the lien may attach. Similarly, in the case before us, plaintiffs' valid materialman's lien (as established by the stipulations) cannot attach until the funds are due the principal contractor. When funds are due the principal contractor, the subcontractor or materialman simply steps into the shoes of the principal contractor provided a valid lien exists.

Furthermore, the underlying principle of R.C. 1311.26 *et seq.,* is served by such reasoning and result. As held in paragraph one of the syllabus of *Turzillo, supra:*

> "Section 1311.26 *et seq.,* Revised Code (in effect prior to September 30, 1963), afford a species of garnishment to protect a subcontractor, laborer or materialman against the risk of loss of payments due him should such payments reach his principal contractor in whose hands they may be subject to the creditors or caprice of the latter."

Even if the lien does not attach until the money is owed the contractor, the subcontractor or materialman is still protected.

Plaintiffs rely upon the recent Supreme Court case of *State, ex rel. Dinneen Excavating Co.,* v. *Sykes* (1988), 40 Ohio St. 3d 84, to support their position that their lien attaches at the time of filing, thus entitling them to interest. However, *Dinneen* is inapplicable to this case because in *Dinneen* the owner admitted holding funds in escrow which were owed to the principal contractor. The issues in *Dinneen* involved the priority of various lienholders to the fund and how each should be paid. As *Dinneen* dealt with funds already in escrow, it is not relevant to our determination herein.

Having determined that there is no duty upon the owner to place the funds into escrow until they are "due" the principal contractor and a dispute arises regarding the proper payment of them, we turn now to the facts of this case.

The agreed entry of judgment is of little help as it merely states that defendant state

agrees to pay plaintiffs, pursuant to their valid lien, "*** the appropriate amount of such Funds payable under Chapter 1311 of the Ohio Revised Code. ***" Furthermore, it was agreed by all parties that the principal contractor would submit a final pay request to the defendant state.

Although the trial court held a hearing to determine "the appropriate amount," no decision was reached. Instead, when asked if it was ordering the defendant-state to pay interest, the court replied: "I'm directing you to observe to the letter the judgment entered May 9th, 1988. You fellows made that entry, and if you don't know what it means, I don't." (Tr. 47.)

Obviously, the parties did not know or more appropriately could not agree as to the meaning of the "appropriate amount," which was the reason for asking the court to make the determination. Accordingly, we sustain defendant state's first and second assignments of error and remand this action for factual determinations consistent with the law as set forth in this opinion. Upon remand, the trial court should restrict its inquiry to the date the money became properly payable to the principal contractor. It is that date which will determine whether interest is owed plaintiffs.

For the foregoing reasons, defendant state's first and second assignments of error are sustained while defendant state's third assignment of error is overruled. The judgment of the Franklin County Court of Common Pleas is reversed and this cause is remanded for further consideration consistent with this opinion.

*Judgment reversed and cause remanded.*

REILLY and BOWMAN, JJ., Concur.

KERNS, J., retired of the Second Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.