Matthias, J.
 

 The sole question of law presented is whether it is mandatory upon a county board of education to transfer territory from a centralized school district, if petitioned for by 75 per cent, of the qualified electors residing within the territory which it is sought to have transferred. The plain and pertinent provisions of existing statutes answer the question in the negative.
 

 Although in different chapters of the Code, Sections 4696 and 4727 are
 
 in pari materia,
 
 and therefore must be construed together. The power to
 
 *660
 
 make transfers of territory from one school district to another is conferred by Section 4696, General Code. Under the provisions of that section the school board
 
 may
 
 make the transfer if a majority of the qualified electors residing in the territory which it is sought to have transferred petition therefor, and, if petitioned for by 75 per cent, of such electors, the board
 
 shall
 
 make the transfer.
 

 Previous to the amendment of Section 4727, General Code, April 16, 1919 (108 O. L., pt. 1, p. 235), county boards of education were not authorized, much less required, to transfer territory from a centralized school district.
 
 State ex rel. Snapp
 
 v.
 
 Goul et al., Bd. of Ed.,
 
 97 Ohio St., 259, 119 N. E., 824. It was there held that transfers of territory from centralized districts would effect a decentralization thereof, contrary to the provisions of Section 4727, General Code, and that, therefore, the provisions of Section 4727 must be construed as an exception to the provisions of Section 4696, General Code.
 

 Thereafter, pursuant to a very apparent legislative policy, or at least a manifest tendency to vest in county boards of education greater powers and wider discretion, and particularly to confer upon them authority with reference to the transfer of territory from a centralized district, which this court had declared under existing statutes they did not possess, Section 4727, General Code, was so amended as to provide that:
 

 “Nothing in this or the foregoing sections, namely, Sections 4726 and 4726-1, shall prevent a county board of education upon the petition of two-thirds
 
 *661
 
 of the qualified electors of the territory petitioning for transfer, from transferring territory to or from a centralized school district, the same as to or from a district not centralized. ’ ’
 

 It is to he observed that the terms of this statute, as amended above, are permissive only, and that whereas the board was theretofore precluded from transferring territory from such district that prohibition is now removed and the board
 
 may
 
 make such transfer provided two-thirds of the qualified electors of the territory petition therefor. No mandatory language is found in this amendment. All the provisions of Section 4696, General Code, including the mandatory terms thereof, could have been made applicable to centralized districts by very simple and concise language, if that had been the legislative purpose. They chose, however, merely to vest in the county ooard the power to make such transfer, and then only provided two-thirds of the qualified electors petitioned therefor, whereas, under Section 4696, General Code, the board may transfer territory from districts other than centralized districts upon a majority petition.
 

 It not appearing that the board was refusing to perform a duty specially enjoined by law, the Court of Appeals was right in denying the writ of mandamus, and its judgment is affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Day, Allen, Kinkade and Robinson, JJ., concur.