By the Court.
This was an action in mandamus to compel the plaintiff in error board of education to pass the necessary resolution to transfer certain territory from the Green township rural school district in Summit county to the Stark county school district. The action was begun in the Court of Appeals of Summit county on the 8th day of June, 1926, and grew out of the following situation:
On March 15, 1926, the board of education of Green township rural school district, one of the school districts of the Summit county school district, duly passed a resolution to hold a special election to centralize the district. On April 27, 1926, pursuant to that resolution, an election was duly held and the vote was in favor of centralization. On April 15, 1926, being prior to the centralization election, a petition was filed with the Summit *334 county board of education to transfer 357% acres of farm land, situated in the Green township rural school district, to the Stark county school district. The petition was signed by more than 75 per cent, of the electors residing within the boundaries of the 357% acres. On May 14, 1926, subsequent to the election centralizing the Green township school district, the Summit county board of education met in regular session and denied transfer of the territory, that being the first regular session provided by the rules of such board after the filing of the petition, to transfer. This action was thereafter instituted, and, upon hearing in the Court of Appeals, a peremptory writ of mandamus was issued by that court, commanding the plaintiff in error board of education to pass a resolution transferring for school purposes the 357% acres from the Green township rural school district to the Stark county school district. Error is prosecuted here to reverse the judgment of the court below.
We have not had the benefit of a copy of the opinion of the Court of Appeals and do not know the course of its reasoning. However, upon the authority of the case of State ex rel. Darby v. Hadaway, 113 Ohio St., 658, 150 N. E., 36, at the time the petition of the defendant in error, plaintiff below, was filed, and the jurisdiction of the court below invoked, there was no mandatory duty imposed by law upon the plaintiff in error board of education to pass a resolution transferring such territory. At that time the Green township rural school district had become a centralized school *335 district, and the mandatory provisions of Section 4696, General Code, no longer applied. This court having held in that case that the “mandatory provisions of Section 4696, * * * have no application to centralized school districts,” we adhere to that interpretation of that section.
It has been argued here, and doubtless was argued below, that since it was the mandatory duty of the plaintiff in error board of education, from the 15th day of April to the 27th day of April, 1926, to pass a resolution transferring the territory, a court whose jurisdiction has been invoked after that duty has ceased to be mandatory must order that done which it was the mandatory duty of the plaintiff in error board of education at one time to do, notwithstanding the fact that the duty had ceased to be mandatory and had become discretionary. We do not regard the proposition sound as applied to the facts of this case. At the time the petition was filed with the plaintiff in error board of education, an election, upon the question of centralization had been called for the 27th day of April, 1926. The relator therefore had notice that upon that day, by the election, the mandatory duty to transfer might be terminated. He had ample time, while the duty was mandatory, to invoke the jurisdiction of the court to require the defendant board of education to perform a duty specially enjoined by law. He chose not to invoke such jurisdiction until after the election. Why, the record does not disclose. Centralization carried. The duty of the Summit county board of education in respect to the petition *336 to transfer thereupon ceased to be mandatory and became discretionary. Relator then invoked the court’s jurisdiction.
The Supreme Court of the United States, in the case of United States ex rel. International Contracting Co. v. Lamont, 155 U. S., 303, 308, 15 S. Ct., 97, 98 (39 L. Ed., 160), declared: “The duty to be enforced by mandamus must not only be merely ministerial, but it must be a duty which exists at the time when the application for the mandamus is made.”
While we do not adopt that declaration as an inflexible rule, nor do we understand that the Supreme Court of the United States has so done, we are of opinion that in cases such as this, where no reason appears for the failure of the applicant to invoke the jurisdiction of the court during the time the duty he seeks to have performed is mandatory, he ought not to be afforded thereafter the extraordinary writ to deprive the plaintiff in error board of education of the discretion which by the changed circumstance the law has vested in it. The judgment of the Court of Appeals will be reversed, and judgment will be entered for the plaintiffs in error.

Judgment reversed.

Marshall, C. J., Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.