BOARD OF ELECTIONS OF MONTGOMERY COUNTY ET AL.
v. HENRY.

*Elections—Member of central or controlling committee of political party—Position not a public office—Court not authorized to contest election or recount undisputed ballots—Action of common pleas court recounting undisputed ballots, surplusage—Canvass of uncounted ballots by deputy supervisors of elections, mandatory—Section 5090, General Code—Mandatory injunction permissible where no objection made as to remedy, when—Liberal interpretation of ballot law in favor of voter, mandatory—Candidate's name written on ballot, but cross-mark not added —Omission of cross-mark technical error, and ballot to be counted—Section 5070, General Code.*

1. Court had no authority to contest election of member of central or controlling committee of political party or to recount ballots, since position involved 'was not public office, and there was no remedy afforded party aggrieved except as provided by statute.
2. Action of court of common pleas in recounting undisputed ballots in election of member of central committee of political party exactly as precinct officers did *held* to be surplusage.
3. Under Section 5090, General Code, relating to elections, which is mandatory statute, it became duty of board of elections to canvass uncounted ballots, on which name was written in pencil without a cross-mark, in election of member of central committee of political party, to count and tally them and issue proper certificate of election.
4. Where action involving plaintiff's right to certificate of election as member of central committee of Republican party was brought in same court where, action in mandamus might have been brought, and same parties were before court, and no special objections were made as to form of remedy, mandatory injunction was permissible remedy to compel board of elections to perform mandatory duty imposed by law to certify plaintiff's election.
5. Section 5070, paragraph 9, General Code, providing for

liberal interpretation of ballot law in favor of voter, is mandatory.

6. Under Section 5070, paragraphs 6 and 9, General Code, where some of voters wrote H's name in pencil for election as member of central committee of Republican party, but failed to add cross mark, such ballots *held* properly counted for H; failure of voter to add cross mark being technical error.

(Decided June 4, 1927.)

ERROR: Court of Appeals for Montgomery county.

*Mr. Ralph E. Hoskot,* prosecuting attorney, and *Mr. Rolla M. Galloway,* for plaintiffs in error.

*Messrs. Kusworm & Shaman,* for defendant in error.

BY THE COURT. This action involves the right of Frank R. Henry to the certificate of election as member of the central or controlling committee of the Republican party from the first ward of the city of Dayton. The general primary election was held August 10, 1926.

The election laws provide for the election of members of the central or controlling committee for each political party entitled to representation on the ballot. Ervin B. Palmer was a candidate for committeeman of the Republican party for said ward, and his name was printed on the ballot. Frank R. Henry was also a candidate, and his name was written on the ballots in the appropriate space by certain voters. The precinct election officers counted all the votes cast for Palmer, and also counted all those cast for Henry, where a cross mark appeared in the proper space. The votes as

counted stood Palmer, 257; Henry, 246. In addition, there were 20 ballots containing the name of Frank R. Henry, written in the proper place, but without cross marks. These ballots were sent to the board of elections as uncounted ballots.

The disputed ballots are controlling the election. If they are not proper to be counted, Palmer is elected. If they should be counted, then Henry is elected, and should receive the certificate.

The defendants not answering within rule day, the court of common pleas declared a default, made a finding against them, and ordered a trial of the issue as to the election of Henry. In the meantime the defendants appeared and filed a demurrer to the petition, which was overruled. Upon the trial the court recounted all the ballots. The undisputed ballots were counted as the precinct officials counted them. But the court counted the disputed ballots for Henry, and ordered the board of elections to certify his election. The board of elections prosecutes error. The motion to dismiss the proceedings in error should be overruled, for reason that the final judgment which settled the rights of the parties was entered less than 70 days before the petition in error was filed.

There is also a question of procedure in the court below. In our judgment, there was no authority in the court to contest the election or recount the ballots. The principle of the case of *State, ex rel. Meck,* v. *Board of Elections,* 111 Ohio St., 203, 145 N. E., 28, applies. The position involved here is not a public office, and there is therefore no remedy afforded the party aggrieved as to the certificate except as provided by statute.

Inasmuch as the court of common pleas counted

the undisputed ballots exactly as the precinct officers did, there would be no prejudice resulting from the action of the common pleas court in that respect. Such order and proceeding may be held to be surplusage.

The controlling feature of the case depends upon the disputed or uncounted ballots. The question is, Did the court of common pleas rightfully count the 20 ballots for Henry, and order the certificate of election to issue to him?

Section 5090, General Code, provides that the deputy state supervisors of elections (board of elections) "shall open the envelopes containing the uncounted ballots and determine what part and for whom each such ballot shall be counted, and proceed to count and tally the same."

This is a mandatory statute, and it became the duty of the board of elections to canvass the uncounted ballots, to count and tally them, and issue the proper certificate of election.

An action in mandamus is the appropriate remedy to compel the board of elections to perform a mandatory duty. *State, ex rel.,* v. *Tanzey,* 49 Ohio St., 656, 32 N. E., 750; *State, ex rel. Meck,* v. *Bd. of Elections,* 111 Ohio St., 203, 145 N. E., 28; *Devine* v. *State, ex rel. Tucker, Jr.,* 105 Ohio St., 288, 136 N. E., 922.

This action was brought in the same court where an action in mandamus might have been brought, and the same parties were before the court. Where no special objections are made as to the form of the remedy, we see no reason why a mandatory injunction may not be a permissible remedy to compel the performance of the mandatory duty im-

posed by law. That is in substance what the court of common pleas did.

This, therefore, brings us through the formalities of procedure to the real and outstanding question, viz., should the disputed ballots be counted? This question is primarily governed by paragraph 6 of Section 5070, General Code:

"If the elector desires to vote for a person whose name does not appear on the ticket, he can substitute the name by writing it in black lead pencil or in black ink in the proper place, and making a cross mark in the blank space at the left of the name so written."

To fully comply with the statute, the voter must not only write the name, but must add the cross mark.

From a reading of this statute, as well as by an application of common sense, it is manifest that, when the voter has written the name upon the ballot, he intends to vote for the person whose name is so written. Strictly and technically speaking, the voter should complete the statutory requirement by adding the cross mark. While the cross mark fulfills the statute, it adds little to the evidence of the voter's intention. Where the voter writes the name and omits the cross mark, the case may be likened to that of a voter who makes the first stroke of a cross mark on the printed ticket and fails to get the second stroke across. All voters are not college or professional men, but they all have the same right to vote.

As stated by Judge Chittenden in the case of *Dittrick* v. *Andrews,* 7 Ohio App., 363, 371:

"It is true that the right of franchise is perhaps the most valuable privilege of citizenship. Every

citizen is entitled to the free and untrammeled right to cast his ballot as he desires and to have that ballot counted as cast.''

The same section of the General Code referred to above, providing for the writing of names on the ballot, also provides (paragraph 9):

''No ballot shall be rejected for any technical error which does not make it impossible to determine the voter's choice.''

This is a statutory declaration for a liberal interpretation of the ballot law in favor of the voter. This is a reasonable provision, and should be respected by the courts. It must also be kept in mind that the provision just quoted is mandatory—just as much so as any other part of the ballot law.

We are not without authority upon the doctrine of favorable construction.

In *Thompson* v. *Redington,* 92 Ohio St., 101, 110 N. E., 652, Ann. Cas. 1918A, 1161, where the word ''yes'' was written on the ballot instead of a cross mark, it was held that the ballot should be counted. Judge Donahue in the opinion, at page 112 (110 N. E., 655), referring to Section 5070, par. 9, says:

''This statute requires that where the ballot is so marked that the intention of the voter is evident, the ballot should be counted regardless of whether the mark indicating his intention is the mark the statute directs him to make or not.''

*Village of Richwood* v. *Algower,* 95 Ohio St., 268, 116 N. E., 462, also follows the rule of liberal construction. Judge Jones, speaking for the court, says, on page 274 (116 N. E., 463):

''Suffice it to say that with a view to preserving the right of elective franchise to the citizen elector, in the absence of statutory provisions invalidating

the ballot, the courts of this country have generally adopted a rule of liberality for the purpose of ascertaining and safeguarding the intention of the voter in the exercise of his constitutional privilege, and the Ohio statute above quoted emphasizes that feature when it provides that no ballot shall be rejected for technicalities which do not make it impossible to determine the voter's choice.''

The recent case of *Devine* v. *State, ex rel., supra,* is cited to support the doctrine of strict construction. The second proposition of the syllabus is:

''Section 5069 *et seq.,* General Code, as to the marking of the ballot by the voter, are clearly mandatory in terms and intention, and should be substantially followed by the voters and the election authorities.''

The scope and application of this syllabus must be confined to the case there under consideration. Upon this proposition the Supreme Court has spoken.

In *B. & O. Rd. Co.* v. *Baillie,* 112 Ohio St., 567, 148 N. E., 233, it was held:

''The syllabus of a decision of the Supreme Court of Ohio definitely states the law of Ohio with reference to the facts upon which it is predicated, and must be read in view of the facts found in such case.''

The *Devine case* involved a ballot marked by a cross mark made in black ink opposite a printed name. The ballot was rejected, for the reason that the black pencil statute was mandatory and exclusive.

In the instant case the marks upon the disputed ballots are in black pencil. So in this case the

disputed ballots would pass muster so far as that exact question is concerned. On page 293 (136 N. E., 924) of the opinion in the *Devine case* Judge Wanamaker undertakes to define what is a technical error, when the voter undertakes to make a cross mark opposite a printed name. He says:

"Suppose the intending voter does not make a complete cross mark, but only makes three-fourths of it, or two-thirds of it. Suppose he fails to put the cross mark wholly within the vacant space, but partly within and partly without the vacant space. Clearly, this would be a technical error, technical departure or variation, and should not invalidate the ballot."

Keeping in mind that the mark the voter was called upon to make in the case just cited was a cross mark, consisting of two strokes of the pencil, yet, if the voter made one stroke and a stagger at the second stroke, this was a substantial compliance, and the ballot was legal.

Here the voter had written the name, consisting of many strokes, and had failed only in making the cross mark.

Neither in the syllabus nor in the opinion in the *Devine case* is there any attempt to define what constitutes a substantial performance of the provision for the writing in of a name on a ballot, nor what omission by the voter from full compliance with the statute will constitute a technical error. This court, therefore, is left to decide that question free from the syllabus and opinion of the *Devine case*.

In deciding this question, we have no hesitancy in declaring that the voter, by writing the name of

the candidate in the appropriate space on the ballot, clearly indicates his intention to vote for the person whose name he has written, and that the failure of the voter to add the cross mark is a technical error. We therefore hold that it was the duty of the board of elections to canvass and count said disputed ballots for Henry, and to issue a certificate accordingly.

*Judgment affirmed.*

FERNEDING, KUNKLE and ALLREAD, JJ., concur.