Allen, J.
 

 The relator strenuously maintains that the court should not have granted the motions to make new parties defendant, and files a demurrer to each of the answers and cross-petitions so filed by such new parties defendant.
 

 The answers and cross-petitions of the contractor and the surety who contest the relator’s right to his claimed lien and those of- other lien claimants, are properly filed. Sections 11255 and 12295, General Code.
 

 With these pleadings before us what appeared upon demurrer to the petition to be an uncontested claim,.attacked upon the ground against which this court held unanim ously that a * lien does not arise under the statutes against moneys in the hands of the state held by the state as stake-holder merely, now appears to be an action for the marshaling of liens, in which the amount and the validity of the claim of the relator is contested not only by the director of highways,, but by several other claimants to the same fund. Since there are now pending in the Franklin county court of common pleas two suits filed by Nixon against the Clements-Orr Company and the surety, and since there is also pending an action in which the receiver for the Clements-Orr Company was appointed, to which Nixon’s surety is a party, the relator has an adequate remedy at law which he himself elected to pursue.
 

 
 *76
 
 We have therefore a situation in which the action is not to compel the performance of a statutory duty to which performance relator has a clear legal right, but to try out conflicting claims in which this court is not the proper forum, and for which the action of mandamus is not the proper remedy.
 

 If the record presents disputed questions of law and fact which ought not to be tried in a proceeding for mandamus, this is ground for refusal to issue the writ.
 
 United States, ex rel. Redfield,
 
 v.
 
 Window,
 
 137 U. S., 636, 11 S. Ct., 197, 34 L. Ed., 811. A similar holding was made in the case of
 
 Bayard
 
 v.
 
 United States, ex rel. White,
 
 127 U. S., 246, 8 S. Ct., 1223, 32 L. Ed., 116.
 

 In the case of
 
 Brown
 
 v.
 
 Turner, Jr.,
 
 70 N. C., 93, while the action was one in
 
 quo warranto,
 
 it was stated in the syllabus that mandamus will not lie when two persons claim the same duty, adversely to each other, against a third party.
 

 In
 
 Sanderson
 
 v.
 
 Salmon River Canal Co., Ltd.,
 
 34 Idaho, 145, 199 P., 999, it was held:
 
 “Mandamus
 
 is not a proper remedy to decide conflicting interests. If third parties have rights or interests adverse to those of plaintiff,
 
 mandamus
 
 is not the proper remedy. ’ ’
 

 As the instant case now develops, the record presents a number of conflicting interests adverse to those of the relator.
 

 The petition in mandamus will be dismissed, and this necessitates the dismissal of the cross-petitions. Since the petition and cross-petitions are dismissed, it is not necessary to rule upon the demurrers of the relator to the various cross-petitions filed.
 

 Petition and cross-petitions dismissed.
 

 Weygandt, C. J., Day, Stephenson, Jones and Matthias, JJ., concur.
 

 Bevis, J., not participating.