By the Court.
 

 The relief sought by relator falls into two classifications: First, the transfer of territory, and, second, the allotment of funds.
 

 The relator concedes it was held by this court in
 
 State, ex rel. Darby,
 
 v.
 
 Hadaway,
 
 113 Ohio St., 658, 150 N. E., 36, that Sections 4696 and 4727, General Code, are
 
 in pari materia
 
 and that transfer from a centralized district is permissive and not mandatory; but relator contends that the Board of Education of But
 
 *532
 
 ler county in the instant case, after rejecting the petition for transfer, reconsidered the petition by adopting the resolution requesting the survey and agreed to follow the findings' and recommendations of the report as to transfer of territory.
 

 Section 4732, General Code, designates the county superintendent as the secretary of a county board of education and requires him to keep a full record of the proceedings of the board. There is nothing in the record before this court showing official action by the Butler County Board of Education either rescinding its former rejection of the transfer petition or agreeing to be bound by the recommendations in the survey report. The relator is not seeking to compel the Director of Education or the county board to perform a duty specially enjoined by law, but is asking that the writ of mandamus be issued to control the exercise of discretion. The writ will not be granted for that purpose.
 
 State, ex rel. Coen,
 
 v.
 
 Industrial Commission,
 
 126 Ohio St., 550, 186 N. E., 398;
 
 Sutphin
 
 v.
 
 State, ex rel. Jeby,
 
 130 Ohio St., 183, 198 N. E., 483.
 

 As to the second classification relating to the allotment of school funds, it will be observed from the agreed statement of facts that' the pupils were assigned to the Poasttown school in Butler county. Nowhere in the record before this court is there anything to show that the pupils were assigned to the Carlisle school pursuant to Section 7764, General Code; or that there was a contract by the Madison township board with the Carlisle board within the terms of Section 7734, General Code; or that the pupils lived more than one and one-half miles from the Poasttown school to which they had been assigned pursuant to Section 7684, General Code, and nearer to the Carlisle school, thereby bringing them within Section 7735, General Code.
 

 Since these pupils were assigned to the Poasttown school and were not attending the Carlisle school as
 
 *533
 
 “tuition pupils” either as “fixed by law” or “pursuant to law” as those terms are used in Sections 7595-la or 7595-ld, General Code, no duty is imposed upon the Director of Education to include these pupils in determining the enrollment of the Carlisle school. A writ of mandamus directed to the Director of Education will be denied. (Section 12283, General Code; 25 Ohio Jurisprudence, 995, Section 22, and eases therein cited.)
 

 Writ demed.
 

 Weygandt, C. J., Day, Zimmerman, Williams, Myers, Matthias and Hart, JJ., concur.