Turner, J.
 

 In coming to a conclusion the court below considered five stated questions. It will be necessary here to examine only one of these questions,
 
 viz.:
 
 “3. When a court is asked to exercise the extraordinary power of mandamus, is it limited to a consideration of the facts and conditions as they existed at the time the proceeding was initiated, or must it take into consideration the facts and conditions existing at the time it determines whether or not a peremptory writ should issue?” The Court of Appeals held: “Plaintiff’s rights must be determined as of February 11, 1939, and hence the subsequent action through which
 
 *573
 
 centralization was effected would not defeat the right.” In so holding the court below erred.
 

 Mandamus is a writ commanding the performance of an act which the law specially enjoins as a duty resulting from an .office, trust or station.
 

 The transfer of territory was sought under Section 4696, General Code. This court has held: (a) The mandatory provision of Section 4696, General Code, has no application to the territory of centralized school districts; and (b) under the provisions of Sections 4696 and 4727, General Code, a board of education of a county school district is
 
 authorised
 
 to transfer territory from a centralized school district to another district upon the petition of two-thirds of the qualified electors of the territory sought to be transferred,
 
 hut is not required
 
 to make such transfer, though the petition therefor be signed by 75 per centum of such qualified electors.
 
 State, ex rel. Darby,
 
 v.
 
 Hadaway,
 
 113 Ohio St., 658, 150 N. E., 36;
 
 Summit County Bd. of Edn.
 
 v.
 
 State, ex rel. Stipe,
 
 115 Ohio St., 333, 154 N. E., 742;
 
 State, ex rel. Bd. of Edn. of Carlisle Cent. Rural School Dist.,
 
 v.
 
 Dietrich, Dir.,
 
 135 Ohio St., 529, 531, 21 N. E. (2d), 597.
 

 Section 4726, General Code, authorizes a rural board of education to submit the question of centralization to a vote.
 

 This court held in the first paragraph of the syllabus in the case of
 
 State, ex rel. County Bd. of Edn. of Wood Co.,
 
 v.
 
 Bd. of Edn. of Bloom Twp. Rural School Dist.,
 
 104 Ohio St., 75, 135 N. E., 455:
 
 “A
 
 school district is a ‘centralized school district,’ within the contemplation of the statute regulating the same, from the time of the election resulting in favor of the proposition of centralization.”
 

 The record does not disclose that the appellant board was responsible for the election to centralize. Therefore, no principle of estoppel need be considered. The fact that the board was a party to this mandamus pro
 
 *574
 
 ceeding in nowise prevented the Houston Rural School District from submitting the question of centralization to the electors or the duly qualified electors of the district from voting at election to centralize. On the question of centralization the following is found in the minutes of two meetings of the board,
 
 vis.,
 
 the minutes of the meeting of July 8,1939, show ‘ ‘ The county board of education met in regular session, Saturday, July 8, 1939, in the office of the county superintendent, with President Rehfus presiding. *
 
 *
 
 # The special election of the Houston Rural School District, on June 29,1939, for centralization, as certified by the county board of elections is as follows:
 

 “For centralization — 362.
 

 “Against centralization — 4.”
 

 In the minutes of October 14, 1939, there is the following: “A report of the board of elections of Shelby county, Ohio, was filed with this board showing that centralization had carried in the Houston Rural School District, June 29,1939, by a vote of 362 for centralization to 4 against centralization, and this board of education therefore finds that the Houston Rural School District in Shelby county, Ohio, is a centralized school district as provided by law. ’ ’
 

 As stated in 25 Ohio Jurisprudence, 1020,1021:
 

 “The writ [of mandamus] is not demandable as a matter of right; it only issues when the relator makes a clear case for its application. So, it is apparent that mandamus will not be awarded in all cases, even when a
 
 prima facie
 
 right to relief is shown, but regard will be had to the exigency which calls for the exercise of such discretion, the nature and extent of the wrong or injury which would follow a refusal of the writ, and other facts which have a bearing on the particular case. The court may consider the applicants rights, the interests of third persons, the importance or unimportance of the case, and the applicants conduct, in determining whether the writ shall issue.”
 

 
 *575
 
 At page 1022 of the same volume it is said: “It is a fundamental principle of the law of mandamus that the writ will never he granted in eases where, if issued, it would prove unavailing.”
 

 In the case of
 
 State, ex rel. Ingerson,
 
 v.
 
 Berry, Clerk of Courts,
 
 14 Ohio St., 315, it was held: “When an inferior board or tribunal has failed to perform a ministerial duty at the proper time, and its execution is no longer consistent with the substantial rights of other parties or with public interests, the writ will not be issued to compel its performance.”
 

 Again it is stated in 25 Ohio Jurisprudence, 1023: “Nor will mandamus be allowed, unless the act of duty, enforcement of which is sought, is legally possible
 
 at the time.”
 
 (Italics ours.)
 

 In the course of the opinion in the case of
 
 State, ex rel. Nixon,
 
 v.
 
 Merrell, Dir.,
 
 127 Ohio St., 72, 76, 186 N. E., 806, Allen, J., said: “Mandamus is not a proper remedy to decide conflicting interests. If third parties have rights or interests adverse to those of plaintiff, mandamus is not the proper remedy. ’ ’ A writ of mandamus should not be granted when conflicting claims of people vitally concerned are aggressively asserted.
 
 State, ex rel. Milton Banking Co.,
 
 v.
 
 Merrell, Dir.,
 
 130 Ohio St., 30, 33, 196 N. E., 648. At the time the court below issued its order herein the territory in question had been centralized and there was no longer any clear legal duty resting upon the board to make the transfer in question.
 

 In the case of
 
 Summit County Board of Education
 
 v.
 
 State, ex rel. Stipe, supra,
 
 it was held in the course of the
 
 per curiam:
 
 “However, upon the authority of the case of
 
 State, ex rel. Darby,
 
 v.
 
 Hadaway,
 
 113 Ohio St., 658, 150 N. E., 36, at the time the petition of the defendant in error, plaintiff below, was filed, and the jurisdiction of the court below invoked, there was no mandatory duty imposed by law upon the plaintiff in error board of education to pass a resolution transfer
 
 *576
 
 ring such territory. At that time the Green Township Bural School District had become a centralized school district, and the mandatory provisions of Section 4696, General Code, no longer applied. This court having held in that case that the ‘mandatory provisions of Section 4696, * * * have no application to centralized school districts,’ we adhere to that interpretation of that section.
 

 “It has been argued here, and doubtless was argued below, that since it was the mandatory duty of the plaintiff in error board of education, from the 15th day of April to the 27th day of April, 1926, to pass a resolution transferring the territory, a court whose jurisdiction has been invoked after that duty has ceased to be mandatory must order that done which it was the mandatory duty of the plaintiff in error board of education at one time to do, notwithstanding the fact that the duty had ceased to be mandatory and had become discretionary. We do not regard the proposition sound as applied to the facts of this case.”
 

 In the case of
 
 Trumbull County Board of Education
 
 v.
 
 State, ex rel. Van Wye,
 
 122 Ohio St., 247, 171 N. E., 241, it was held in the third paragraph of the syllabus: “When a court is asked to exercise the extraordinary power of mandamus, it is not limited to a consideration of the facts and conditions as they existed at the time the proceeding was initiated, but should take into consideration the facts and conditions existing at the time it determines whether a peremptory writ should issue.”
 

 In the course of the opinion in that ease, Allen, J., said (page 256): “Moreover, the Court of Appeals, in our judgment, should have taken into consideration the events which occurred subsequent to the filing of the petition in mandamus, * * *” and (page 257) “It is the general rule that ‘the question whether a mandamus should issue to protect the interest of the public does not depend upon a state of facts existing when
 
 *577
 
 the petition was filed, if that state of facts has ceased to exist when the final judgment is rendered.’
 
 Northern Pacific Rd. Co.
 
 v.
 
 Washington Territory,
 
 142 U. S., 492, at page 508, 12 S. Ct., 283, 289, 35 L. Ed., 1092.
 

 “In
 
 Sullivan
 
 v.
 
 Secretary of Commonwealth,
 
 233 Mass., 543, 124 N. E., 422, the court said.: ‘In considering what justice requires as to the disposition of any cause, the court must consider changes in fact or in law and other subsequent events decisively affecting the relief to he afforded, which have been called to its attention as having supervened since the proceeding was instituted.’
 

 “To the same effect are
 
 People, ex rel. Tilden,
 
 v.
 
 Massieon, Mayor,
 
 204 Ill. App., 70, affirmed in 279 Ill., 312, 116 N. E., 639;
 
 Dexner
 
 v.
 
 Houghton, Bldg. Inspector,
 
 153 Minn., 284, 190 N. W., 179;
 
 State, ex rel. Shelton,
 
 v.
 
 Edwards, City Clerk,
 
 109 Conn., 249, 146 A., 382;
 
 City of Owatonna
 
 v.
 
 Chicago, R. I. & P. Ry. Co.,
 
 156 Minn., 475, 195 N. W., 452. In the latter case it is stated in the opinion:
 

 “ ‘When a court is asked to exercise the extraordinary power of mandamus, it is not limited to a consideration of the facts and conditions as they existed at the time the proceeding was initiated, but should take into consideration the facts and conditions existing at the time it determines whether a peremptory writ should issue.’ ”
 

 In the course of the
 
 per curiam in
 
 the case of
 
 State, ex rel. Haines,
 
 v.
 
 Bd. of Edn.,
 
 131 Ohio St., 609, 3 N. E. (2d), 527, it was said: “A court in exercising the extraordinary power of mandamus takes into consideration the facts and conditions existing at the time it determines whether to issue a peremptory writ
 
 (Trumbull County Bd. of Edn.
 
 v.
 
 State, ex rel. Van Wye,
 
 122 Ohio St., 247).”
 

 
 *578
 
 Therefore, the judgment of the Court of Appeals is reversed and final judgment is rendered for appellants.
 

 Judgment reversed.
 

 Weygandt, C. J., Williams, Matthias, Hart and Zimmerman, JJ., concur.
 

 Bettman, J., not participating.