*131
 
 Turner, J.
 

 The relators claim that:
 

 “ (1) The resolution, alleged to have been passed in September, 1941-, is not sufficient to authorize the holding of an election on centralization at a primary election.
 

 “(2) The Board of Education of North RichlandAdams Rural School District, having proceeded under Section 7730 to establish an actual centralized school in the district, the schools were in fact centralized. The schools being in fact centralized, the boaid is not authorized to submit a moot question to the electors.
 

 • “(3) The petitions to transfer being signed by 100 per cent of the resident electors, it is the duty of the county board to transfer the territory.”
 

 (1) Section 4726, General Code, provides in part:
 

 “A village or rural school^district board of education may submit .the question of centralization * * * to the vote of the qualified electors of such village or rural district at a general election or a special election called for that purpose * *
 

 Section 4785-3, General Code, provides in part:
 

 “d. The term ‘special election’• shall mean any ■election other than a regular state, a regular municipal cr primary election.”
 

 The General Assembly has set no time for the holding of a special election and we know of no provision in the Code which forbids the holding of a special election on either a primary or general election day.
 

 It has long been the practice in this state to hold •special elections at the same time a general or primary ■election is held and we find nothing in the Code or •decided cases which forbids or disapproves the continuation of the practice.
 

 In the case of
 
 State, ex rel. Automobile Machine Co.,
 
 v.
 
 Brown, Secy, of State,
 
 121 Ohio St., 73, 166 N. E., 903, this court said:
 

 
 *132
 
 “It has been, held in this state that ‘administrative interpretation of a given law, while not conclusive, is, if long continued, to be reckoned with most seriously and is not to be disregarded and set aside unless judicial construction makes it imperative so to do.’
 
 Industrial Commission
 
 v.
 
 Brown,
 
 92 Ohio St., 309, 311, 110 N. E., 744, 745 (L. R. A. 1916B, 1277). See, also, 36 Cyc., 1140, and 25 Ruling Case Law, 1043, and cases cited.”
 

 In 37 Ohio Jurisprudence, 700, Section 390, it is said:
 

 “The opinions of the Attorney General of the United States, or of a state, who passes upon the interpretation of questioned statutes, may be, and are frequently, considered by the courts, which generally accord them due respect. However, such opinions are entitled to only such consideration as the reasons given for the opinion warrant. They are not binding upon the court. ’ ’
 

 On April 25, 1910, the Attorney General said in an opinion reported in the Opinions of Attorney General (1910-1911), 1019:
 

 “However, the question is one of power and not of convenience, and unless a positive prohibition against holding a special election on the date of a primary and, of course, at the same polling places, can be found, I am of the opinion that the power to do so exists. There is no such provision of law.”
 

 The foregoing opinion of the Attorney General was followed in an opinion of his successor under date of April 11, 1912, in which it was said:
 

 “I find that my predecessor, Hon. U. G. Denman, rendered an opinion to the effect that a special election upon the subject of issuing bonds for the construction of a school building might lawfully be submitted at the date of the primaries, although many inconveniences of such a proceeding were pointed out by him. In his reasoning I concur in spite of the additional point
 
 *133
 
 which you. suggest in your letter, and which does not appear to have been considered by Mr. Denman.” Vol. 2, Opinions of Attorney General (1912), 1254, No. 269.
 

 In the case of
 
 In re Contest of Election, City of Niles,
 
 20 N. P. (N. S.), 562, decided by the Probate Court of Trumbull county and affirmed by the Court of Appeals (motion for an order directing the Court of Appeals to certify its record to this court overruled) it was decided that a special election might lawfully be held on the day of the general election.
 

 .In 1918 a vacancy occurred in the office of representative to Congress in the 14th Congressional District. The Governor called a special election to be held on “the fifth day of November, 1918,” which was the day of the general election and a special primary to be held on “the thirteenth day of August, 1918,” which was the regular primary day. The Secretary of State requested a ruling of the Attorney General respecting the manner of conducting such elections. In the course of the Attorney General’s opinion to the Secretary of State it was said:
 

 “So it is evident that both the primary and the election to be held under the writ of election issued by the Governor are special elections. It has so happened that in fixing the dates for the special primary and the special election the governor has fixed the primary on the regular primary election day and the special election for the regular November election day, but this does not make these elections any less special.” Vol. 1, Opinions of Attorney General (3.918), 981, No. 1352.
 

 The case of
 
 State, ex rel. City of Lakewood,
 
 v.
 
 Bernsteen et al., Deputy State Supervisors & Inspectors of Elections,
 
 115 Ohio St., 722, 156 N. E., 213, involved an ordinance of the city of Lakewood which called a special election on the same day on which a general election was to be held. In respect thereof this court held:
 

 
 *134
 
 “* * * the selection of said day for the said special election, under the record herein, violates no provisions of the Constitution of the state of Ohio nor of the charter of the city of Lakewood.”
 

 See, also,
 
 State, ex rel. Armstrong,
 
 v.
 
 Davey, Gov.,
 
 130 Ohio St., 160, 198 N. E., 180.
 

 That the board used the term “at the primary election to be held in August 1942” instead of using the date August 11, 1942, could easily be accounted for by reason of the fact that a 1942 calendar was not available to the board at the time of the adoption of the resolution on September 12, 1941. But the reason .is immaterial. That is certain which may be made certain. The board' specified the places in the district where the election should be held and determined such places to be convenient places for the purpose. The resolution further provided that a certified copy of the resolution be sent to the Board of Elections of Defiance county with the request that all provisions be made as required by law for the holding of
 
 such
 
 election. •
 

 We are of the opinion that a special election was properly called and that by the result of such election the schools of the district were centralized.
 

 (2) Under appellant’s second proposition it is argued that the Board of Education of North RichlandAdams Rural School District having proceeded under Section 7730, General Code, to establish a consolidated school, the question of centralization thereby became moot.
 

 We agree with the court below that centi-alization of a rural school district can be accomplished only in the manner prescribed in Section 4726, General Code, and that “the fact that the schools in said district, preceding the adoption.of said resolution, were conducted in a manner similar to the manner in which centralized schools are conducted, did-not in any way
 
 *135
 
 preclude the Board of Education of North RichlandAdams Rural School District from submitting the question of the centralization of said rural school district. ’ ’
 

 (3) In support of their third proposition counsel for appellants ask us to review and reverse the line of cases holding in effect that the mandatory provision of Section 4696, General Code, has no application to centralized schools and that a board of education of a county school district is not required to make a transfer of any territory within a centralized school district though the petition therefor is signed by 75 per cent of the qualified electors of the territory sought to be transferred.
 

 In the case of
 
 Fulks
 
 v.
 
 Wright,
 
 72 Ohio St., 547, 75 N. E., 55, it was held:
 

 “When the schools of a township have been centralized, no part of the territory comprised in. such centralization is subject to be taken to form a special school district.”
 

 The foregoing case was followed in
 
 State, ex rel. Snapp,
 
 v.
 
 Goul et al., Bd. of Edn. of Champaign County School Dist.,
 
 97 Ohio St., 259, 119 N. E., 824.
 

 In the course of the opinion in
 
 State, ex rel. Apple,
 
 v.
 
 Pence et al., Bd. of Edn. of Shelby County School Dist.,
 
 137 Ohio St., 569, 31 N. E. (2d), 841, it was said (page 573):
 

 “This court has held: (a) The mandatory provision of Section 4696, General Code, has no application to the territory of centralized school districts; and (b) under the provisions of Sections 4696 and 4727, General Code, a board of education of a county school district is
 
 authorised
 
 to transfer territory from a centralized school district to another district upon the petition of 'two-thirds of the qualified electors of the territory sought to be transferred,
 
 but is not required
 
 to make such transfer, though the petition therefor be
 
 *136
 
 signed by 75 per centum of such qualified electors.
 
 State, ex rel. Darby,
 
 v.
 
 Hadaway,
 
 113 Ohio St., 658, 150 N. E., 36;
 
 Summit County Bd. of Edn.
 
 v.
 
 State, ex rel. Stipe,
 
 115 Ohio St., 333, 154 N. E., 742;
 
 State, ex rel. Bd. of Edn. of Carlisle Cent. Rural School Dist.,
 
 v.
 
 Dietrich, Dir.,
 
 135 Ohio St., 529, 531, 21 N. E. (2d), 597.”
 

 We have reviewed the cases but adhere to the law as therein laid down and reiterate our position as stated in the syllabus of
 
 State, ex rel. Darby,
 
 v.
 
 Hadaway, supra,
 
 and followed in
 
 State, ex rel. Apple,
 
 v.
 
 Pence, supra,
 
 to wit:
 

 “1. The mandatory provisions of Section 4696, General Code, have no application to centralized school districts.
 

 £i2. Under the provisions of Section 4696, General Code, and of Section 4727, General Code, as amended April 16, 1919 (108 O. L., pt. 1, 235), a board of education of a county school district is authorized to transfer territory from a centralized school- district to another district upon the petition of two-thirds of the qualified electors of the territory sought to be transferred, but it is not required to make such transfer, though the petition therefor be signed by 75 per cent of such qualified electors.”
 

 The amendment of Section 4727 in 119 Ohio Laws, 232, 233, effective August 14, 1941, does not require a modification of the foregoing syllabus in the
 
 Darby case.
 

 It follows that the judgment of the Court of Appeals should be and hereby is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Bell and Williams, JJ., concur.