Per Curiam.

As has been stated, Thompson, in her first amended answer, alleges in substance that the resolution for the bond issue, the notice of election, and the ballot relate to more than one purpose, i. e., the acquisition of real estate, construction of fireproof buildings and provision of furnishings therefor constitute one purpose, and the improvement of non-fireproof buildings and provision of furnishings therefor constitute another purpose, and that such dual purpose is violative of the provisions of Section 133.10, Revised Code.
That section provides that the resolution declaring the necessity for a bond issue “shall relate only to one purpose” and then defines the term, “one purpose,” as including, “in the case of a school district, any number of school buildings; and in any case, all expenditures, including the acquisition of a site and purchase of equipment, for any one utility, building, or other structure, or group of buildings or structures for the same general purpose * * * included in the same resolution.”
In the case of State, ex rel. Speeth et al., Board of County Commrs., v. Carney, Aud., 163 Ohio St., 159, 126 N. E. (2d), *27 449, this court had occasion to construe Section 2293-20, General Code, which is now Section 133.10, Revised Code, and in the opinion, at page 184, it is stated:
“The purpose of the statute is to prevent the union in one act of diverse, incongruous and disconnected matters, having-no relation to or connection with each other * * *; to give electors a choice to secure wrhat they desire without the necessity of accepting- something which they do not want * * *; and to prevent double propositions being placed before a voter having but a single expression to answer all propositions, thus making logrolling impossible * * *. In applying the rule, the courts invoke a test as to the existence of a natural relationship between the various structures or objects united in one proposition so that they form ‘but one rounded whole.’ * *
This court is of the opinion that the resolution in the instant case is not violative of the above-quoted provision of the statute. The demurrer to the first amended answer is sustained.
The relator’s motion for an order striking from the files the answer of the intervenors on the ground that they lack capacity to intervene is overruled. State, ex rel. Nixon, v. Merrell, Dir., 127 Ohio St., 72, 186 N. E., 806.
The questions raised by defenses one and three have been eliminated by the amendment to the petition. The second defense alleging that the petition does not state facts which show a cause of action, in that it fails to allege that relator has complied with certain specific requirements of the Uniform Bond Act, does not allege that these requirements were not complied with. The law does not require the allegation of the performance of these specific details. Such alleged failure to allege compliance is a matter of affirmative defense. The question raised by the eleventh defense has been determined by the ruling- on the demurrers to the answer and to the first amended answer.
Therefore, the motion to strike is sustained as to defenses one, two, three and eleven of the intervenors’ answer.
This court is of the opinion that defenses four to ten, inclusive, and twelve are not sham, irrelevant or frivolous defenses, as contended by relator in support of its motion to strike.
*28 Therefore, the motion to strike is overruled as to such defenses.

Judgment accordingly.

Zimmerman, Stewart, Bell, Taft and Matthias, JJ., concur.
Weygandt, C. J., and Herbert, J., concur in the judgment, so far as it sustains the demurrer of the relator to the first amended answer of respondent Thompson and sustains the motion to strike defenses one, two, three and eleven from intervenors’ answer, and concur in that part of the opinion relating to such rulings, but dissent from the judgment, so far as it overrules the motion to strike the entire answer of the intervenors and overrules the motion to strike defenses four to ten, inclusive, and twelve from such answer, and dissent from that part of the opinion relating to such rulings.