THE STATE, EX REL. WALTERS, APPELLANT, *v.* CITY OF BELLEVUE, APPELLEE.

456

*Messrs. Steinemann & Zeiher*, for appellant.
*Mr. Charles F. Sliter*, city solicitor, for appellee.

SMITH, P. J. This is an appeal by plaintiff-appellant on questions of law from the judgment of the Common Pleas Court sustaining the demurrer to the petition filed by the sole defendant, city of Bellevue, and dismissing the petition.

The plaintiff is denominated in the caption of the petition as "State of Ohio, ex rel. R. Dayton Walters." Except for the caption and the allegations that petitioner is a taxpayer, the petition does not strictly conform to the ordinary petition for a writ of mandamus and the prayer bears the aspects of seeking relief by way of mandatory injunction, to wit:

"Your petitioner prays this Honorable Court to command the Mayor, the President of the City Council, the City Solicitor, City Auditor, and the Councilmen of said city of Bellevue to forthwith reconsider said ordinance and either repeal the same or submit said ordinance to the vote of the electors of said city as provided by law."

The praecipe directed endorsement on summons, "action for mandamus and other equitable relief."

The petition alleges that petitioner is a taxpayer, that the city of Bellevue is a municipal corporation, that L. A. Yearick is the mayor, William F. Aigler, president of council, Charles F. Sliter, solicitor, Algie Arnholt, auditor, Harold E. Degler, Gail E. Jones, Fred Franklin, Nello Monarchi, W. C. Transue, Donn Fry and Robert C. Klein are councilmen, all officials of the city of Bellevue; that on or about December 28, 1959, said officials adopted ordinance No. 34-59 after it had been read on November 30, 1959, and December 14, 1959, which readings were not suspended as provided by statute; that said ordinance was not intended to be an emergency ordinance, was not adopted as an emergency ordinance at its first reading, and not effective until thirty days after December 28, 1959; that within thirty days petitioner, with other qualified electors of the city of Bellevue,

prepared, circulated and filed a petition protesting against the passage of such ordinance and petitioning that the ordinance be submitted to the electors of the city for their approval or rejection as provided by law; that on January 21, 1960, ten petitions containing 436 signatures were filed with the city auditor and that same were referred to the city solicitor for his opinion; that on February 16, 1960, and April 23, 1960, the solicitor rendered his opinion that the referendum petitions were invalid and that its ordinance was not subject to referendum; that formal demand was made on said officials, who have failed and neglected to reconsider said ordinance or repeal the same or to take steps to submit the same to the vote of the electors of the city and that he has no plain, speedy and adequate remedy at law.

The demurrer specified two grounds, namely (1) that there is a defect of parties-defendant and (2) that the petition fails to state a cause of action on its face as required by Section 2731.01, Revised Code. The ruling of the court on the demurrer is as follows:

"It is ordered that the general demurrer to the petition herein be and is hereby sustained. The court being satisfied that the defect in the petition cannot be remedied by amendment, this action is hereby dismissed at relator-plaintiff's cost."

When allegations of a petition are sufficient to warrant general relief sought, the form of the prayer is immaterial and when the prayer is for general relief, the court will shape its judgment according to the equity of the case and grant any relief warranted by the allegations of the petition. *State, ex rel. Blackwell,* v. *Bachrach,* 166 Ohio St., 301, 143 N. E. (2d), 127.

It is well recognized that a demurrer to a mandamus petition is governed by the same general rules as civil actions. A proper liberal construction of the allegations of the petition, and all reasonable intendments inferred therefrom, shows a cause of action for relief in mandatory injunction and also mandamus sufficient against demurrer, to compel the defendant city to submit said ordinance to the electors of the city for their approval or rejection as provided by law. See *Portmann* v. *Board of Elections of Stark County,* 60 Ohio App., 54; *Board of Elections of Montgomery County* v. *Henry,* 25 Ohio App., 278 (motion to certify record overruled November 2, 1927).

"It has been said that a mandatory injunction is in its nature a mandamus when directed to particular officers and commanding performance of certain official acts or duties." 29 Ohio Jurisprudence (2d), 230, Section 53.

Section 731.29, Revised Code, provides:

".Any ordinance or other measure passed by the legislative authority of a municipal corporation shall be subject to the referendum except as provided by Section 731.30 of the Revised Code. No ordinance or other measure shall go into effect until thirty days after it is filed with the mayor of a city or passed by the legislative authority in a village, except as provided by such section.

"When a petition, signed by ten per cent of the number of electors who voted for governor at the next preceding general election for the office of governor in the municipal corporation, is filed with the city auditor or village clerk within thirty days after any ordinance or other measure is filed with the mayor or passed by the legislative authority of a village, ordering that such ordinance or measure be submitted to the electors of such municipal corporation for their approval or rejection, such auditor or clerk shall, after ten days, and not later than four p. m. of the ninetieth day before the day of election, certify the text of the ordinance or measure to the board of elections. The auditor or clerk shall retain the petition. The board shall submit the ordinance or measure to such electors, for their approval or rejection, at the next succeeding general election, occurring subsequent to ninety days after the certifying of such petition to the board of elections."

Section 731.30, Revised Code, *inter alia*, proscribes referendum on emergency ordinances.

Upon issue joined on the petition, the petitioner would be afforded his right to adduce evidence in support of the allegations of his petition as to whether the ordinance sought to be subject to referendum was not an emergency ordinance and was subject to referendum upon showing that the ten petitions filed with the city auditor constituted ten per cent of the electors who voted for governor at the next preceding election in the city of Bellevue, as provided by law. Therefore it was error to sustain the general demurrer to the petition.

We agree with the trial court that it "has no power to compel a discretionary act on the part of City Council of the city of Bellevue with reference to the ordinance" in the matter of reconsideration thereof or to repeal the same and that the demurrer should be considered solely on the allegations of the petition "which seeks an order to compel the proper authority of Bellevue to submit said ordinance to the vote of the electors by way of referendum." However, the trial court treated the petition as sounding exclusively in an action for mandamus and defective in that such order could not be made without the necessary party defendant, namely the city auditor. This view has some support in the case of *State, ex rel. Dayton-Oakwood Press, Inc.,* v. *Dissinger,* 34 Ohio Law Abs., 435, although the writer entertains doubt as to its soundness or applicability to the facts and circumstances of the case at bar. It is contrary to the general rule. 35 Ohio Jurisprudence (2d), 435, Section 146.

The power of the court as to amendments is set forth in Section 2309.58, Revised Code, as follows:

"Before or after judgment, in furtherance of justice and on such terms as it deems proper, the court may amend any pleading, process, or proceeding, *by adding or striking out the name of any party*, or by correcting a mistake in the name of a party or a mistake in any other respect, or by inserting other allegations material to the case, or, when the amendment does not substantially change the claim or defense, by conforming the pleading or proceeding to the facts proved. When an action or proceeding fails to conform to the laws governing civil procedure, the court may permit either to be made conformable by amendment." (Emphasis added.)

Included in Section 2731.09, Revised Code, it is provided in mandamus proceedings, to wit:

"The pleadings have the same effect, must be construed, may be amended, and issues of fact made by them must be tried, and further proceedings thereon had, in the same manner as in civil actions."

Section 2307.19, Revised Code, reads:

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who

is a necessary party to a complete determination or settlement of a question involved therein.''

There can be no misinterpretation of the statutes as stated in the first paragraph of the syllabus of *State, ex rel. Nixon,* v. *Merrell, Dir. of Highways,* 127 Ohio St., 72, 186 N. E., 806:

''Under Sections 11255 and 12295, General Code [now Sections 2307.19 and 2731.09, Revised Code], any person may be made a defendant in a mandamus action who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of a question involved therein.''

Apart from the statutes, the general law, and especially in equity such as mandatory injunction, the trial court has a duty within its inherent power and sound discretion under the facts and circumstances of the case and in the administration of justice through economy of litigation to the end that the determination of the principal claims of the parties shall be full and complete, to permit amendment to the pleadings by adding a necessary party defendant. See 67 Corpus Juris Secundum, 1049; 39 American Jurisprudence, 1001; 41 Ohio Jurisprudence (2d), 501, 524.

The judgment of the court sustaining the demurrer to the petition, under the facts and circumstances of this case, denying the defendant the right and opportunity to amend the petition by adding a necessary party or otherwise, was an abuse of discretion. We think the Supreme Court in *State, ex rel. Hartung, Dir. of Health,* v. *City of Springfield,* 133 Ohio St., 162, 12 N. E. (2d), 482, has indicated the proper order of the court upon overruling a demurrer to a pleading in a mandamus action by employing the following language:

''The demurrer to the amended answer of respondents is sustained and, respondents not desiring to plead further, a peremptory writ is allowed.''

Thus, the court should grant leave to amend when, upon inquiry of the petitioner, he signifies his desire to plead further.

The judgment of the Common Pleas Court is therefore reversed and this cause is remanded to that court with instructions that in an order sustaining a demurrer to the petition, petitioner be granted leave to amend his petition before the

dismissal thereof, if he so requests, and for further proceedings according to law.

*Judgment reversed.*

DEEDS and FESS, JJ., concur.