Gibson, J.
The principal question here is whether, when a local option petition has been filed pursuant to the provisions of Section 4301.33, Revised Code, with a board of elections, such board thereafter may permit the withdrawal of signatures from such petition and thereby invalidate it. The answer to this question depends upon the applicability of Section 3513.291, Revised Code, which provides that any elector signing a petition may not withdraw his signature therefrom after the petition has been filed with a board or with the Secretary of State, to local option petitions filed under Section 4301.33.
The board contends that the two sections are unrelated and notes that Chapter 3513 of the Revised Code is entitled “Primaries; Nominations” and is part of Title 35, “Elections”, whereas Chapter 4301 is entitled ‘ ‘ Liquor Control Law ’ ’ and is part of Title 43, “Liquor”. On the other hand, the relator contends that the two sections being in pari materia must be construed together and such construction would prohibit the withdrawal of signatures from the local option petition after it was filed with the board of elections.
The determination as to whether statutes are in pari materia depends upon whether they relate to the same subject. The fact that Sections 3513.291 and 4301.33 are found in different chapters of the Revised Code does not prevent them from being in pari materia. See, e. g., State, ex rel. Darby, v. Hadaway (1925), 113 Ohio St., 658; Collings-Taylor Co. v. American Fidelity Co. (1917), 96 Ohio St., 123. Both sections in fact deal with a common subject, viz., the means and process by which an issue may be brought, by petition, before the electors for their consideration at the polls. The former section was enacted and the latter section was amended by the General Assembly in a *217 single act, effective January 1, 1954, the purpose of which, according to the title, was:
< < * * * to establish a uniform date for filing tax levies, bond issues and miscellaneous issues with the board of elections and to correct technical errors and inconsistencies in the election laws in order to provide for a more uniform operation of these laws throughout the state.”
Without discussing in detail all aspects of the law relating to this issue, we conclude that the two sections are in pari materia.
The board points to a number of decisions of this court which refer to the withdrawal of signatures from petitions and which seemingly state a rule that an elector may withdraw his signature from a petition at any time before official action has been taken thereon. The cases of State, ex rel. Kahle, v. Rupert, And. (1918), 99 Ohio St., 17, Lynn v. Supple, Clerk (1957), 166 Ohio St., 154, and State, ex rel. Galloway, v. Board of County Commissioners (1963), 174 Ohio St., 535, cited by the board, are not applicable since they concern removal of signatures from referendum petitions, which is expressly excepted from the prohibitory rule of Section 3513.291, Revised Code.
The board relies also upon State, ex rel. Wilson, v. Board of Education (1957), 166 Ohio St., 260, and Chadwell v. Cain, Clerk (1959), 169 Ohio St., 425. Wilson concerned the withdrawal of signatures from a petition for the transfer of school district territory and Chadwell concerned the withdrawal of signatures from a petition for annexation. In neither case was Section 3513.291, Revised Code, brought to the attention of the court. Even if it had been, the court might well have concluded that it should be construed as not in pari materia with school-district or annexation statutes. Contrary to the situation with respect to a local option petition which is filed with a board of elections, a petition for transfer of school territory must be filed with a board of education, and an annexation petition must be filed with a board of county commissioners. The statutory provisions respecting annexation and transfer of school territory were not contained in the act enacting Sections 3513.291 and 4301.33, but each was passed by a different General Assembly. In fact, the act enacting Sections 3513.291 and 4301.33 *218 contains no provision relative to the process of annexation or to the transfer of school district territories. It should be noted that in each case the court found a statutory provision which permitted the withdrawal of signatures from the petitions filed therein. Both Wilson and Chadwell clearly are distinguishable from the case at bar.
No prior decision of this court requires a decision in the instant case that signatures on a local option petition may be withdrawn after filing of such petition with a board of elections. Accordingly, it seems reasonable to conclude that the provisions of Section 3513.291, having been enacted at the same time that Section 4301.33 was amended, prohibit the withdrawal of signatures from a local option petition after it is filed with a board of elections.
The board raises a number of other questions, but in our view they are without merit. Surely the board can not seriously contend that the relator, who was one of the signers of the local option petition, must protest under Section 4301.33, Revised Code, before he can bring an action to compel the board to submit the local option issues to the electors of the district. Clearly, the protest contemplated by the statute is by those opposed to the action proposed by the local option petition filed with a board of elections.
Without regard to the accuracy of the respondents’ allegation that a bill passed by the 105th General Assembly to be effective January 1, 1964, would be determinative of the legal question posed by this case, it is sufficient to note that this case must be decided on the basis of the now existing law.
The board argues also that the geographical area of the district has changed since the last general election for Governor, and that precincts Nos. 1 and 2 of ward No. 2 of the city of Athens have not been determined by it to be a residential district. In view of the stipulation of the parties that the total number of votes cast at the last general election in the geographical area which now constitutes the district was 309 and the fact that the board found the petition to be “in order”, these contentions are without merit.
In summary, since the local option petition pursuant to Section 4301.33, Revised Code, had sufficient signatures when *219 it was filed with, the board of elections and Section 3513.291, Revised Code, proscribes the withdrawal of signatures from such petition subsequent to such filing, the board is under a clear legal duty to restore the signatures purportedly withdrawn from the petition and to submit the local option issues contained in such petition to the electors of the residence district consisting of precincts Nos. 1 and 2 of ward No. 2 in the city of Athens at the general election to be held on November 5, 1963. It follows that the writ should issue.

Writ allowed.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith and Herbert, JJ., concur.